THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES SCOTT CHRISTY, Defendant-Appellee.

Fourth District    No. 4—90—0025

Opinion filed December 12, 1990.

Scott H. Walden, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and Jon McPhee, both of State Appellate Defender's Office, of Springfield, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

The State appeals the trial court's order dismissing charges against defendant with prejudice. We affirm.

Defendant was charged by information on June 22, 1987, with battery, aggravated battery, aggravated assault, and resisting a peace officer. Defendant posted bond and was ordered to undergo any psychiatric or medical treatment that was prescribed for him.

On October 9, 1987, the question of competency was raised, and the court ordered defendant examined for psychiatric reasons. The court received an impounded letter from the examining physician on January 26, 1988, and on June 1, 1988, set the cause for review on the question of competency. On June 14, 1988, the court ordered defendant evaluated on the question of legal competency and fitness to stand trial. Defendant waived a jury trial as to the issue of incompetency on December 16, 1988, and the State presented evidence. Defendant did not present evidence. On December 23, 1988, the court found defendant incompetent to stand trial based upon his inability to understand the charges against him and his inability to assist his counsel in his defense. The court also found there was not a substantial probability that defendant would become competent to stand trial in one year.

On December 29, 1988, the matter was reassigned to another judge, who ordered both parties to appear for a status review. The court further ordered the parties to consider proceedings pursuant to sections 104—23 (unfit defendants) and 104—25 (discharge hearing) of the Code of Criminal Procedure of 1963 (Code), to bring the matter to a conclusion. (Ill. Rev. Stat. 1987, ch. 38, pars. 104—23, 104—25.) At

the status hearing, the court, in a written order, noted that defendant was currently in treatment and set the matter for a hearing on May 3, 1989, pursuant to sections 104—23 and 104—25.

On May 3, 1989, a discharge hearing was held pursuant to sections 104—23 and 104—25 of the Code. The record does not reveal who requested the hearing. After argument by counsel, the court found that defendant was not a person to be discharged under section 104—25(d). (Ill. Rev. Stat. 1987, ch. 38, par. 104—25(d).) The court found defendant "guilty of all counts beyond a reasonable doubt" for purposes of the discharge hearing, but did not extend the treatment period pursuant to section 104—25(d)(1) of the Code. (Ill. Rev. Stat. 1987, ch. 38, par. 104—25(d)(1).) After hearing arguments as to defendant's disposition, the court ordered defendant remanded to the custody of the Illinois Department of Mental Health and Developmental Disabilities (Department) for proceedings pursuant to section 104—23(b)(3). (Ill. Rev. Stat. 1987, ch. 38, par. 104—23(b)(3).) The court's order specified that if defendant was not committed to the Department, he was to be remanded to the court for disposition pursuant to subsection (b)(1) or (b)(2) of section 104—23 of the Code. (Ill. Rev. Stat. 1987, ch. 38, pars. 104—23(b)(1), (b)(2).) A hearing was held pursuant to statutory provisions governing the Department, and defendant was not committed to the Department.

On November 20, 1989, defendant filed a motion to dismiss the charges pursuant to section 104—23(b)(2) of the Code. Defendant alleged in his motion that the court had previously found him unfit and that there was not a substantial probability he would become fit to stand trial or to plead within one year from the date of the original finding of unfitness. Defendant also noted that a discharge hearing had been held pursuant to section 104—25, and a commitment hearing had been held pursuant to section 104—23(b). Defendant concluded that the only alternative available for the court was the dismissal of charges with prejudice.

The court held a hearing on defendant's motion to dismiss on December 18, 1989. No evidence was presented. The State argued that section 104—23 of the Code provides "the State shall request the court" to dismiss the charge, and the statute does not grant the court authority to dismiss the charge on its own motion. (Ill. Rev. Stat. 1987, ch. 38, par. 104—23(b).) The State asked the court to review the matter and order defendant reevaluated, noting that the original finding of incompetency had been made within the year. The State made clear that it did not wish to dismiss the charges with prejudice.

The court granted defense counsel's motion to dismiss the charges

pursuant to section 104—23(b)(2), and stated:

"The court has considered the arguments of counsel. So far as I am concerned the procedures for this type of proceeding are strictly provided for by statute and must be adhered to and so far as the court is concerned the court has no discretion. And the record should reflect that the other procedures provided for by statute have been followed and complied with. And I would have to agree under the circumstances, while I don't, I don't philosophically agree with the way the matter should be terminated, but pursuant to the statute I think it's mandatory that the case be dismissed with prejudice. So the motion will be sustained. And please show in the order that it is sustained pursuant to the requirements of ch. 38, sec. 104—23."

The State filed a timely notice of appeal.

■ The Code provides that the issue of a defendant's fitness for trial, to plead, or to be sentenced may be raised by the defense, the State, or the court at any time before a plea is entered, or before, during, or after trial. (Ill. Rev. Stat. 1987, ch. 38, par. 104—11(a).) A defendant is unfit to stand trial or be sentenced if he is unable to (1) understand the nature and purpose of the proceedings against him; or (2) assist in his defense. Ill. Rev. Stat. 1987, ch. 38, par. 104—10.

■ ■ If the court or jury finds a defendant unfit to stand trial, it must then determine whether there is a substantial probability that the defendant, if provided with a course of treatment, will attain fitness within one year. (Ill. Rev. Stat. 1987, ch. 38, par. 104—16(d).) If the court or jury finds there is not such a substantial probability, the court shall proceed as provided in section 104—23 of the Code (unfit defendants). (Ill. Rev. Stat. 1987, ch. 38, par. 104—16(d).) Under section 104—23, the defendant may request a discharge hearing. (Ill. Rev. Stat. 1987, ch. 38, par. 104—23(b)(1).) The discharge hearing enables an unfit defendant to have the charges dismissed if there is not enough evidence to prove he committed the acts charged beyond a reasonable doubt. However, if the discharge hearing does not result in an acquittal of the charge, the court may remand the defendant for further treatment, and extend the treatment period—up to 15 months for a Class 2, 3, or 4 felony; up to two years for a Class 1 or X felony; and up to five years for a charge of first-degree murder. Ill. Rev. Stat. 1987, ch. 38, pars. 104—25(d)(1), (d)(2).

Section 104—23 also provides that if the court determines there is not a substantial probability that the defendant will attain fitness within a year, "the State shall request the court" to (1) set the matter for a discharge hearing pursuant to section 104—25; (2) dismiss the

charges with prejudice; or (3) remand defendant to the Department to determine if he should be involuntarily committed under the civil standard. Section 104—23 does not provide for a reevaluation hearing to determine if defendant would become fit, or was presently fit, to stand trial.

The State maintains the court abused its discretion in several ways. First, the State argues the court erred by moving for the discharge hearing on its own motion. The court's action, the State contends, was not allowed by the statute, which provides that only the defendant or the State may request a discharge hearing. The State next argues that the court erred by subsequently ordering defendant remanded to the Department on its own motion. The State notes the language of 104—23(b), the "State shall request the court" to proceed under one of the subsections. (Ill. Rev. Stat. 1987, ch. 38, par. 104—23(b).) The language of a statute must be given its plain and ordinary meaning. (*People v. Moore* (1978), 69 Ill. 2d 520, 372 N.E.2d 666.) The State maintains the plain and ordinary meaning of section 104—23 is that the court may only hold a discharge hearing after either a defendant or the State requests one, and that the court may only proceed under section 104—23(b) after the State requests it to do so. The State also argues the trial court's actions here violated the doctrine of separation of powers.

■■ ■ There is no indication in the record who requested the discharge hearing, but the State asserts that the court "probably" held the hearing on its own motion. There is also no indication in the record of who requested the court to remand defendant to the Department, but the State argues that the court remanded defendant to the Department on its own motion. We note that the State, as appellant, has the duty to provide this court with a record to support its contentions. (107 Ill. 2d Rules 323(c), (d).) The State has failed to include in the record the transcripts of the status review hearing of March 31, 1989, where the court thereafter set the cause for a discharge hearing, and the transcript of the May 3, 1989, discharge hearing, where the court thereafter remanded defendant to the Department. We cannot speculate on what might have occurred during these hearings, whether the court acted on its own motion, whether one of the parties requested the action, or even whether the State objected to the procedure. We must presume that the trial court's actions were in conformity with the law. (*People v. Jones* (1982), 109 Ill. App. 3d 120, 440 N.E.2d 261.) We also note that the record does not reflect, and the State does not contend on appeal, that the State objected to the court's procedure in the trial court. Issues not raised in the trial court

are generally considered waived on appeal. The principle of waiver applies to the State as well as the defendant in a criminal case. *People v. O'Neal* (1984), 104 Ill. 2d 399, 472 N.E.2d 441.

■ The State next argues that the trial court erred in granting defendant's motion to dismiss, and claims the court's action violated the language of the statute, and the doctrine of separation of powers. The State argued at the trial court level, and argues on appeal, that the court erred because section 104—23(b) provides "the State shall" request the court to proceed under one of the subsections. (Ill. Rev. Stat. 1987, ch. 38, par. 104—23(b).) Defendant had just been released by the Department after a hearing conducted pursuant to section 104—23(b)(3). The State contends it then had the right to request the court to proceed under subsection (b) of section 104—23 before the court proceeded. The State, however, overlooks the last sentence of subsection (b)(3), which provides that a defendant who has been remanded to the Department for a civil commitment hearing and has not been committed "shall be remanded to the court having jurisdiction of the criminal matter for disposition pursuant to subparagraph (1) or (2) of paragraph (b)" of section 104—23. Thus, once a defendant has been released by the Department after a hearing conducted pursuant to section 104—23(b)(3), the court, and not the State, must determine whether to hold a discharge hearing pursuant to subsection (b)(1) or dismiss the charges with prejudice under subsection (b)(2). Because a discharge hearing had already been held, the trial court had no other option than to proceed under subparagraph (b)(2) and dismiss the case with prejudice.

■ We briefly note that the trial court's dismissal of the charges here does not violate the doctrine of separation of powers as the State argues. If the State's argument had merit, the speedy-trial statute (Ill. Rev. Stat. 1987, ch. 38, par. 103—5) or any of the statutes of limitations would also violate the doctrine of separation of powers, as they also allow courts to dismiss charges with prejudice.

■ The State also contends that the court has the discretion in this instance to order a reevaluation hearing. We disagree. The statute does not provide for a reevaluation hearing, and there is no independent rule of law that would provide the basis for such a hearing. While the State argues that the court in *People v. Lang* (1986), 113 Ill. 2d 407, 498 N.E.2d 1105, held that the defendant had the right to a reevaluation hearing under section 104—23, the situation in *Lang* was much different than the situation here. Moreover, the court in *Lang* held that defendant was entitled to a reevaluation hearing based upon the due-process clause, which does not apply to the State.

Finally, the State includes in its appeal the argument that the trial court abused its discretion in not extending the treatment period after the discharge exam pursuant to section 104—25(d)(1) of the Code. We are unable to review this claim, however, as no transcript of the discharge hearing or any evidence concerning the hearing has been provided in the record on review.

Accordingly, the trial court is affirmed.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.