GENA SPERO vs. COMMONWEALTH. April 8, 1997. *Supreme Judicial Court. Practice, Criminal,* Competency to stand trial. *Mental Impairment. Constitutional Law,* Speedy trial, Confrontation of witnesses.

The petitioner, who had sought relief from an interlocutory ruling of the Superior Court denying a motion brought under G. L. c. 123, § 17 (b), now appeals to the full court under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from a single justice's denial of relief under G. L. c. 211, § 3.

We assume without deciding, that in these unique circumstances,[1] the petitioner has explained, as rule 2:21 requires, why she may not adequately obtain review of the trial judge's decision on appeal from a final adverse judgment or by other available means.

The petitioner sought a hearing under G. L. c. 123, § 17 (b), which authorizes one found incompetent to stand trial and who believes that she can establish a defense of not guilty, "other than the defense of not guilty by reason of mental illness or mental defect," to request an opportunity to

---

[1]The petitioner acknowledges that she is not competent and therefore is unable to be tried, and asserts that in the absence of a trial she lacks any other means of obtaining appellate review.

offer a defense on the merits. The petitioner claimed in her motion for a hearing, not that she could establish such a defense, but that § 17 (*b*) "violates equal protection because it unreasonably deprives . . . individuals of the right to assert a defense of not guilty by . . . lack of criminal responsibility while incompetent."[2, 3] We confine our review to this argument and need not focus on the expanded one presented to the single justice (due process as well as equal protection challenges under Commonwealth and Federal Constitutions). In support, she points to the denial of two fundamental rights — "the right to a speedy trial and the right to confront witnesses against her," and argues that the statute impermissibly distinguishes between defendants who wish to present a defense of not guilty by reason of mental illness or defect and those who wish to present any other defense.

We need not frame our discussion in terms of the petitioner's "right" to participate in her own defense and its relationship to her competence to stand trial, for she does not raise that core issue.

Instead, we note that the rights on which she relies (speedy trial and confrontation) pertain to a *trial*, and they would not necessarily be served by a hearing under G. L. c. 123, § 17 — even if she were to obtain such a hearing to consider her defense of not guilty by reason of mental illness or defect. Section 17 simply provides that the evidence "shall be heard by the court sitting without a jury." The key question in § 17 (*b*) is whether there is "a lack of substantial evidence" to support a conviction. If a judge were to find no such lack of substantial evidence, would the rights at issue have been protected?

Moreover, as the Superior Court judge noted, the petitioner will have an opportunity to confront witnesses against her at a trial (when she becomes competent); and that, pursuant to Mass. R. Crim. P. 36 (b) (2) (C), 378 Mass. 909 (1979), the period during which she is mentally incompetent is excluded when computing the time within which the trial of an offense must be commenced.

So long as the statute does not burden a suspect group or a fundamental interest, it will be upheld if it is rationally related to furthering a legitimate State interest. *English* v. *New England Medical Ctr., Inc.*, 405 Mass. 423, 428 (1989), and cases cited. The Superior Court judge decided that the Legislature could rationally conclude that "an alternate adjudication of the defense of not guilty by reason of mental defect or illness" would "not significantly change the circumstances of [an] incompetent's confinement," so the use of judicial resources is not warranted.

The single justice did not commit a clear error of law or abuse his discretion. *Greco* v. *Suffolk Div. of the Probate & Family Court Dep't*, 418 Mass. 153, 156 (1994).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

---

[2]The petitioner's motion under § 17 (*b*) for review of a defense contemplated by the section had been denied in 1986.

[3]The petitioner did not specify the constitutional source. We, therefore, apply the Federal equal protection standard.

*Stephen P. Colella* for the defendant.
*Kevin M. Mitchell,* Assistant District Attorney, for the Commonwealth.