Docket No. 101065.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CRAIG WAID, Appellee.

*Opinion filed June 2, 2006.*

JUSTICE McMORROW delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Kilbride, Garman, and Karmeier concurred in the judgment and opinion.

**OPINION**

Defendant, Craig Waid, was charged with various drug- and alcohol-related offenses in four separate cases in the circuit court of Pike County. Prior to trial, on defendant's motion, the circuit court found defendant mentally unfit to stand trial. The court also found that there was no substantial probability that defendant, if provided with a course of treatment, would attain fitness within one year. 725 ILCS 5/104–16, 104–23 (West 2004). The State moved for a discharge hearing to determine the sufficiency of the evidence against defendant. 725 ILCS 5/104–23, 104–25 (West 2004). The State also moved, pursuant to section 104–25(a), for the admission of certain evidence at the discharge hearing. The circuit court denied the State's motion for admission of evidence, effectively finding section 104–25(a) unconstitutional. The circuit court certified for interlocutory appeal the question of whether this ruling was correct. 155 Ill. 2d R. 308(a). The State appealed to the appellate court, which transferred the appeal to this court. Citing to Supreme Court Rule 365 (155 Ill. 2d R. 365), the appellate court noted that the circuit court order effectively held section 104–25(a) unconstitutional.

## BACKGROUND

In case No. 03–DT–84, defendant was charged with driving a vehicle while under the influence of alcohol, a Class A misdemeanor. In a second case, No. 03–CM–227, defendant was charged with three offenses: possession of drug paraphernalia, a Class A misdemeanor; possession of cannabis, a Class C misdemeanor; and delivery of alcoholic liquor to a person under 21 years of age, a Class A misdemeanor. In No. 04–CM–44, defendant was charged with two of the same offenses as in No. 03–CM–227: possession of drug paraphernalia and possession of cannabis. In the fourth case, No. 03–TR–3632, defendant was cited for illegal transportation of alcohol.

Prior to trial, defendant moved, pursuant to section 104–11 of the Code of Criminal Procedure of 1963 (725 ILCS 5/104–11 (West 2004)), for a hearing on whether defendant was fit to stand trial. In his motion, defendant pointed to a previous finding by the Social Security Administration that defendant

was disabled because of "low cognitive functioning" and other reasons. Defendant alleged that there was a *bona fide* doubt as to his fitness to stand trial. Defendant also requested, pursuant to section 104–12 (725 ILCS 5/104–12 (West 2004)), that the hearing be held before a jury.

The jury found defendant "not mentally fit to stand trial," and the circuit court entered an order to that effect. Subsequently, the circuit court found that there was no substantial probability that defendant would become fit within one year. Under section 104–23 of the Code, if a court determines that there is no substantial probability that a defendant will become fit to stand trial within one year, the State may ask the court to set the matter for a discharge hearing pursuant to section 104–25. On July 29, 2004, the State filed a motion seeking a discharge hearing. The purpose of such a hearing, which is to be conducted "by the court without a jury," is to determine the sufficiency of the evidence against the defendant. 725 ILCS 5/104–25(a) (West 2004).

With regard to evidence that may be admitted at a discharge hearing, subsection (a) provides:

> "The court may admit hearsay or affidavit evidence on secondary matters such as testimony to establish the chain of possession of physical evidence, laboratory reports, authentication of transcripts taken by official reporters, court and business records, and public documents." 725 ILCS 5/104–25(a) (West 2004).

Pursuant to this provision, the State moved, prior to the discharge hearing, for admission of various items of evidence from the Pike County sheriff's department and the Illinois State Police. Included were sheriff's department evidence-inventory logs referring to "seeds," a "green leafy substance," a "metal tube," "pills" and "pipes." The State also sought to admit State Police evidence receipts referring to these same items, as well as State Police lab results on cannabis and blood. The circuit court ordered the parties to file briefs on the issue of "admission of evidence by affidavit/hearsay in a discharge hearing pursuant to 725 [ILCS] 5/104–25."

A hearing was held on the State's motion to admit evidence, and the circuit court denied the motion. Relying on *People v. McClanahan*, 191 Ill. 2d 127 (2000), which ruled unconstitutional a statute that allowed the use of lab reports in lieu of actual testimony in a criminal prosecution, the circuit court in the case at bar held that the State's evidence-inventory logs, evidence receipts and lab reports would not be admissible unless the persons who prepared this evidence were called to testify. In the court's view, to admit this evidence without accompanying testimony would violate defendant's constitutional right to be confronted with the witnesses against him. The circuit court stated:

> "[T]he Court was very clear in *McClanahan* that affidavit evidence was not available at the criminal trial. *** [T]hey said it violated the right of confrontation, and it violated the right of the defendant to confront the witness."

The circuit court also noted that, while a discharge hearing apparently was a civil proceeding, a finding of no acquittal (*not* not guilty) could result in the loss of defendant's freedom. The court stated: "[Defendant] could be, although not incarcerated, he certainly could lose his freedom if he were to be hospitalized or placed in a facility of some sort."

The circuit court's order effectively held section 104–25(a) unconstitutional. The court also certified for interlocutory appeal the question of whether its ruling denying the State's motion to admit evidence was correct.

The State appealed, and the case was docketed in the appellate court. On August 1, 2005, the appellate court entered an order transferring the appeal to this court pursuant to Supreme Court Rule 365 (155 Ill. 2d R. 365). The order stated:

> "The State appeals from an order effectively holding section 104–25(a) of the Code of Criminal Procedure of 1963 unconstitutional. Under either civil or criminal Supreme Court Rules, such appeals are within the direct jurisdiction of the supreme court. Accordingly, pursuant to Supreme Court Rule 365, this appeal is transferred to the Supreme Court of Illinois."

ANALYSIS

At the outset, we clarify the basis of our jurisdiction. The parties, in their briefs, raise the question of whether this case falls under the rules for appeal in criminal cases (Rules 603 and 604(a)) or civil cases (Rule 302). We turn to the issue of whether a discharge hearing is civil or criminal in nature.

The State argues that a discharge hearing is not a criminal prosecution. Instead, it is an "innocence only" proceeding that results in a final adjudication of charges only if the evidence fails to establish the defendant's guilt beyond a reasonable doubt (resulting in the defendant's acquittal) or the defendant is found not guilty by reason of insanity. If the evidence is found to be sufficient to establish the defendant's guilt, no conviction results. Instead, the defendant is found *not* not guilty (*People v. Lavold*, 262 Ill. App. 3d 984 (1994)) and may be held for treatment. A criminal prosecution of the charges against the defendant does not take place unless or until the defendant is found fit to stand trial.

Defendant argues, to the contrary, that a discharge hearing is more criminal than civil in nature. Under section 104–25, a defendant who is found *not* not guilty is subject to an initial period of treatment, which may be followed by civil commitment. Defendant likens this period of treatment and possible civil commitment to incarceration resulting from a criminal conviction. According to defendant, a discharge hearing is meant to determine whether a defendant is guilty and to impose punishment.

We agree with the State that a discharge hearing is not a criminal prosecution. It is well settled that the due process clause of the fourteenth amendment (U.S. Const., amend. XIV) bars the criminal prosecution of a defendant who is not competent to stand trial. *Medina v. California*, 505 U.S. 437, 439, 120 L. Ed. 2d 353, 359, 112 S. Ct. 2572, 2574 (1992). In Illinois, a section 104–25 discharge hearing takes place only after a defendant has been found unfit to stand trial. Accordingly, in keeping with due process requirements, a discharge hearing under section 104–25 is "an 'innocence only'

hearing, that is to say, a proceeding to determine only whether to enter a judgment of acquittal, not to make a determination of guilt." *People v. Rink*, 97 Ill. 2d 533, 543 (1983); see also *People v. Pastewski*, 164 Ill. 2d 189, 200 (1995) ("a defendant who is not acquitted at a discharge hearing has not gained a definitive resolution of the charges against him"). "The question of guilt is to be deferred until the defendant is fit to stand trial." *Rink*, 97 Ill. 2d at 543.

Notwithstanding the foregoing, defendant points to the "treatment period" that results from a finding of *not* not guilty. According to defendant, section 104–25 requires this "term of 'treatment' to be equal to the maximum term available for the crime 'committed.' " In defendant's view, this alleged requirement that the treatment period be equal to a defendant's maximum potential prison sentence indicates that the purpose of the proceeding is to impose punishment.

Defendant is incorrect in asserting that the treatment period must be equal to a defendant's maximum potential prison sentence. Under section 104–25(d), if a defendant is found *not* not guilty, he is initially subject to a treatment period of from one to five years, depending on the seriousness of the offenses charged. 725 ILCS 5/104–25(d) (West 2004). In the case at bar, where the charges against defendant are for misdemeanors rather than felonies, defendant is subject to a one-year period of treatment. If, at the expiration of this initial treatment period, a defendant continues to be unfit to stand trial, the court must determine whether he is subject to involuntary admission under the Mental Health and Developmental Disabilities Code, or if he constitutes a serious threat to the public safety. 725 ILCS 5/104–25(g)(2) (West 2004). If so, the defendant is remanded to the Department of Human Services (DHS) for further treatment.[1] However, "[i]n

---

[1] During the period of the defendant's commitment to DHS for treatment, the original court having jurisdiction over the defendant must hold a hearing every 180 days to determine whether the defendant: (1) remains subject to involuntary commitment, or (2) is in need of mental-health services in the form of inpatient care, or (3) is in need of mental-health services but is not subject to involuntary commitment or inpatient care. 725 ILCS

no event may the treatment period be extended to exceed the maximum sentence to which a defendant would have been subject had he or she been convicted in a criminal proceeding." 725 ILCS 5/104–25(g)(4) (West 2004). The potential maximum prison sentence thus serves as a ceiling rather than a floor. Contrary to defendant's assertion, this sentence represents the upper limit of a commitment term rather than its required length.

Defendant also is incorrect in asserting that the purpose of a discharge hearing is to impose punishment. As previously noted, a discharge hearing is "an 'innocence only' hearing, that is to say, a proceeding to determine only whether to enter a judgment of acquittal, not to make a determination of guilt." *Rink*, 97 Ill. 2d at 543. It "enables an unfit defendant to have the charges dismissed if there is not enough evidence to prove he committed the acts charged beyond a reasonable doubt." *People v. Christy*, 206 Ill. App. 3d 361, 365 (1990). The only possible final outcome is one that is favorable to the defendant: a determination that he is not guilty, or not guilty by reason of insanity.

We conclude that a section 104–25 discharge hearing is civil rather than criminal in nature. It follows that our jurisdiction in this case falls under our rules for civil appeals. The State argues that jurisdiction lies pursuant to Rule 302(a)(1). However, Rule 302(a)(1) does not expressly allow for direct appeal to this court from an interlocutory order declaring a statute unconstitutional. *In re H.G.*, 197 Ill. 2d 317, 328 (2001). Rule 302(a)(1) states: "Appeals from *final judgments* of circuit courts shall be taken directly to the Supreme Court (1) in cases in which a statute of the United States or of this State has been held invalid ***." (Emphasis added.) 134 Ill. 2d R. 302(a)(1).

We need not decide whether jurisdiction exists in this cause under Rule 302(a)(1). Rule 302(b) authorizes this court to grant direct appeal in cases in which the public interest requires prompt adjudication. 134 Ill. 2d R. 302(b). In our view, the

---

5/104–25(g)(2) (West 2004).

instant appeal, which is from the circuit court's declaration that section 104–25(a) is unconstitutional, presents such a case. See *People v. Miller*, 202 Ill. 2d 328, 334 (2002). Accordingly, on our own motion, we grant the State leave to appeal the circuit court's interlocutory order under Rule 302(b). See *H.G.*, 197 Ill. 2d at 329.

Before addressing the constitutionality of section 104–25(a), we consider a nonconstitutional issue raised by defendant as a possible basis for upholding the trial court "without need of reaching the constitutional issue." It is well settled that "this court will not address constitutional issues that are unnecessary for the disposition of the case under review [citation] even though the court acquires jurisdiction of the case because a constitutional question is involved." *People v. Sklodowski*, 162 Ill. 2d 117, 131 (1994). Defendant argues that the police laboratory reports sought to be introduced by the State at the discharge hearing do not constitute "secondary matters" within the meaning of section 104–25(a), and the reports therefore are not admissible under section 104–25(a). According to defendant, the laboratory reports, which deal with cannabis and blood, are being offered to prove the main point of the prosecution, which is that defendant possessed cannabis. In defendant's view, these reports therefore cannot be secondary. We disagree.

The primary objective in construing a statute is to give effect to the intention of the legislature. The best indication of this intent are the words of the statute. *People v. Collins*, 214 Ill. 2d 206, 214 (2005). "Where the language [of the statute] is plain and unambiguous[,] we must apply the statute without resort to further aids of statutory construction." *Collins*, 214 Ill. 2d at 214.

Section 104–25(a) provides, in pertinent part:

> "The court may admit hearsay or affidavit evidence on secondary matters *such as* testimony to establish the chain of possession of physical evidence, *laboratory reports*, authentication of transcripts taken by official reporters, court and business records, and public documents." (Emphases added.) 725 ILCS 5/104–25(a) (West 2004).

The plain language of section 104–25(a) unambiguously includes "laboratory reports" in its list of "secondary matters." The clear intent of the legislature was to designate "laboratory reports" as "secondary matters." We reject defendant's contrary construction of section 104–25(a).

We turn to the question of the constitutionality of section 104–25(a). As noted, the circuit court found section 104–25(a) unconstitutional on the ground that it violated defendant's right, under the confrontation clauses of the United States and the Illinois Constitutions, to be confronted with the witnesses against him. In reaching this conclusion, the circuit court relied on *People v. McClanahan*, 191 Ill. 2d 127 (2000), which considered a different provision of the Code of Criminal Procedure that also dealt with laboratory reports. This statute, section 115–15 (725 ILCS 5/115–15 (West 1998)), allowed the State, in prosecutions under the Cannabis Control Act or the Illinois Controlled Substances Act, to use laboratory reports in lieu of actual testimony as *prima facie* evidence of the contents of the substance at issue. Under section 115–15(c), however, the State was not allowed to use these reports as *prima facie* evidence if the defendant filed, within seven days, a demand for the testimony of the witness who prepared the report. 725 ILCS 5/115–15(c) (West 1998).

In *McClanahan*, this court held that section 115–15 was unconstitutional. Analyzing the statute under *Ohio v. Roberts*, 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980), *overruled*, *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004), which was controlling at the time, this court concluded that section 115–15 violated the confrontation clauses of the federal and state constitutions because the laboratory-report evidence neither fell within a firmly rooted hearsay exception nor contained particularized guarantees of trustworthiness. *McClanahan* also held that, in compelling the defendant to make a demand for live testimony, the statute "impermissibly requires the defendant to take affirmative action to secure a right that he has already been constitutionally guaranteed or be deemed to have waived that right." *McClanahan*, 191 Ill. 2d at 136.

*McClanahan* is distinguishable from the case at bar. In *McClanahan*, the evidence in question was admitted in a criminal prosecution, a proceeding to which the confrontation clause clearly applies. The sixth amendment of the United States Constitution states, in pertinent part: "In all *criminal prosecutions*, the accused shall enjoy the right *** to be confronted with the witnesses against him ***." (Emphasis added.) U.S. Const., amend. VI. Similarly, the confrontation clause of the Illinois Constitution provides: "In *criminal prosecutions*, the accused shall have the right *** to be confronted with the witnesses against him or her ***." (Emphasis added.) Ill. Const. 1970, art. I, §8. In the case at bar, we have determined that a discharge hearing under section 104–25 is not a criminal prosecution. Neither the federal nor the state confrontation clause applies to a discharge hearing. *McClanahan* is inapposite, and the circuit court was incorrect in ruling, based on *McClanahan*, that section 104–25(a) violated defendant's rights under the confrontation clause.

We find support for our conclusion in *Commonwealth v. DelVerde*, 398 Mass. 288, 496 N.E.2d 1357 (1986). The defendant in *DelVerde* was arrested for, and confessed to, murder and rape. Prior to trial, the defendant, who had a history of mental retardation, was found not competent to stand trial. Subsequently, the defendant, acting through his defense counsel and his guardian, reached a plea agreement with the prosecutor, and offered to plead guilty to a reduced charge of manslaughter. The trial court refused to accept the offer of plea, and the case was appealed. The certified issue on appeal was whether a criminal defendant who was found incompetent to stand trial could enter a plea of guilty through his guardian and have it accepted by the trial court. In support of his position, the defendant argued, *inter alia*, that "a criminal defendant found incompetent to stand trial and who is likely to remain that way for life faces a permanent denial of certain constitutional rights, including specifically his Sixth Amendment rights to a speedy trial, to an impartial jury, and to confront witnesses." *DelVerde*, 398 Mass. at 291-92, 496 N.E.2d at 1359-60. The court in *DelVerde* answered the certified

question in the negative. The court concluded that an incompetent defendant could not enter a guilty plea knowingly and intelligently, and therefore such a plea, if entered, would be invalid. The court added that the defendant's sixth amendment rights to a speedy trial, an impartial jury, and the confrontation of witnesses *would become operative when the State later prosecuted him*. See also *Spero v. Commonwealth*, 424 Mass. 1017, 1018, 678 N.E.2d 435, 436 (1997) (noting that incompetent defendant would have an opportunity to confront the witnesses against her at trial when she became competent).

In the case at bar, defendant argues that the sixth amendment right to confrontation *does* apply to a discharge hearing. However, he qualifies this contention by noting that this right is tolled by a defendant's unfitness. Defendant's position is essentially in accord with our holding regarding the applicability of the confrontation clause to a discharge hearing. Because a discharge hearing under section 104–25 is not a criminal prosecution, a defendant's confrontation clause rights are not implicated at that point in the proceedings. If, pursuant to section 104–25(g)(1), a defendant were found to be fit and a trial were held, this proceeding would constitute a criminal prosecution, and the confrontation clause then would apply.

Defendant argues in the alternative that even if a discharge hearing is civil rather than criminal in nature, protections such as the right to confrontation should apply. Defendant points to proceedings under the Sexually Dangerous Persons Act (SDPA), which is civil in nature, and notes that the right to confront witnesses is accorded defendants in such proceedings under the due process clause of the fourteenth amendment of the United States Constitution. U.S. Const., amend. XIV. Defendant argues that the same right should be accorded defendants in discharge hearings and that, if this right does apply, the admission of hearsay evidence pursuant to section 104–25(a) violates the due process clause.

Defendant is correct regarding the rights granted a defendant in a proceeding under the SDPA. In *People v. Trainor*, 196 Ill. 2d 318, 338 (2001), this court noted that, even though proceedings under the SDPA are civil in nature, the

application of the SDPA nevertheless "may result in deprivation of liberty." *Trainor* reaffirmed that "a person proceeding under the Act must be accorded the essential protections available to a defendant in a criminal trial." *Trainor*, 196 Ill. 2d at 338-39. Included among these protections is the right to confront witnesses. The court stated: "[W]e agree[ ] that the right to due process entitles the defendant to the right to confront and cross-examine witnesses testifying against him ***." *Trainor*, 196 Ill. 2d at 329.

Proceedings under the SDPA are distinguishable from a section 104–25 discharge hearing. Unlike a discharge hearing, an SDPA proceeding is an adjudicatory proceeding. It is conducted in lieu of criminal prosecution (*Trainor*, 196 Ill. 2d at 327) and results in a final determination of the charges against a defendant. Under section 8 of the SDPA, a defendant who is found to be a sexually dangerous person is committed to the guardianship of the Director of Corrections for care and treatment for an indeterminate period. 725 ILCS 205/8 (West 2004).

A discharge hearing, by contrast, is an "innocence only" proceeding that results in a final determination of the charges against the defendant only if he is found not guilty, or not guilty by reason of insanity. If the evidence presented at a discharge hearing is sufficient to establish the defendant's guilt, no conviction results. Instead, the defendant is found *not* not guilty. "The question of guilt is to be deferred until the defendant is fit to stand trial." *Rink*, 97 Ill. 2d at 543. Moreover, a defendant who is found *not* not guilty at a discharge hearing is not immediately subject to an indeterminate period of commitment, as is a defendant who is found to be a sexually dangerous person under the SDPA. As previously indicated, a defendant who is found *not* not guilty at a discharge hearing is initially subject to a treatment period of from one to five years, depending on the seriousness of the offenses charged. 725 ILCS 5/104–25(d) (West 2004). If, at the expiration of this initial treatment period, a defendant continues to be unfit to stand trial, the court must determine whether he is subject to involuntary admission under the Mental Health and Developmental Disabilities Code, or constitutes a serious threat

to the public safety. 725 ILCS 5/104–25(g)(2) (West 2004). If so, the defendant is remanded to the DHS for further treatment. However, "[i]n no event may the treatment period be extended to exceed the maximum sentence to which a defendant would have been subject had he or she been convicted in a criminal proceeding." 725 ILCS 5/104–25(g)(4) (West 2004).

Contrary to defendant's contention, a discharge hearing is not analogous to an SDPA proceeding. Given the differences between these two proceedings, we conclude that a defendant subject to the SDPA has a greater liberty interest than does a defendant at a discharge hearing. It follows that a defendant at a discharge hearing is not accorded, under the due process clause, the same degree of "protections available at a criminal trial" (*Trainor*, 196 Ill. 2d at 328) as is given a defendant who is subject to an SDPA proceeding.

This court has come to a similar conclusion regarding a juvenile transfer hearing, which is a proceeding to determine whether a juvenile may be tried as an adult (705 ILCS 405/5–805 (West 2004)). In *People v. Taylor*, 76 Ill. 2d 289, 303 (1979), we stated: "The transfer hearing not being adjudicatory, the procedural safeguards required at criminal trials and adjudications of delinquency are not mandated by due process." As a consequence, reliable hearsay, including documentary or testimonial evidence, is admissible at such a proceeding. *Taylor*, 76 Ill. 2d at 305.

In *In re W.J.*, 284 Ill. App. 3d 203 (1996), our appellate court stated:

> "[T]he salient feature of the transfer hearing is that, analogous to the preliminary or detention hearing, it does not result in a determination of guilt or innocence. [Citations.] As such, the requisite due process safeguards need not rise to the level mandated in a criminal or adjudicatory proceeding. [Citations.] Like the preliminary hearing, transfer proceedings may be based upon hearsay evidence." *W.J.*, 284 Ill. App. 3d at 208.

Defendant argues that a discharge hearing is not analogous to a juvenile transfer hearing, which is nonadjudicatory. In

defendant's view, a discharge hearing *is* adjudicatory. Defendant asserts: "The hearing process under the Statute in issue does result in a finding of guilt or innocence." This is simply not the case. As we have previously noted, a discharge hearing under section 104–25 is an "innocence only" hearing. "The question of guilt is to be deferred until the defendant is fit to stand trial." *Rink*, 97 Ill. 2d at 543. A discharge hearing simply enables an unfit defendant to have the charges dismissed if the State does not have the evidence to prove he committed the charged offenses beyond a reasonable doubt. *Christy*, 206 Ill. App. 3d at 365.

In determining whether a statute has been shown to be unconstitutional, we are guided by the principle that all statutes are presumed to be constitutional. The burden of rebutting that presumption is on the party challenging the validity of the statute to demonstrate clearly a constitutional violation. *People v. Greco*, 204 Ill. 2d 400, 406 (2003). "If reasonably possible, a statute must be construed so as to affirm its constitutionality and validity." *Greco*, 204 Ill. 2d at 406.

In the case at bar, there has been no clear showing of a constitutional violation. The sixth amendment confrontation clause does not apply to a discharge hearing, which is not a criminal prosecution. Therefore, section 104–25(a), which allows the admission of hearsay or affidavit evidence at a discharge hearing, does not violate the confrontation clause. Nor does the admission of hearsay evidence pursuant to section 104–25(a) violate the due process clause. A defendant in a discharge hearing is not accorded, under the due process clause, the same degree of "protections available at a criminal trial" (*Trainor*, 196 Ill. 2d at 328) as is given a defendant subject to an SDPA proceeding. Therefore, reliable hearsay of the type allowed under section 104–25(a) is admissible at a discharge hearing.

## CONCLUSION

We reverse the judgment of the circuit court denying the State's motion to admit evidence-inventory logs, evidence receipts, and laboratory reports pursuant to section 104–25(a).

We remand the cause to the circuit court for further proceedings consistent with this opinion.

*Circuit court judgment reversed;*
*cause remanded.*