FIFTH DIVISION
April 20, 2007

No. 1-05-1044

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| JORGE RODRIGUEZ, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Joseph G. Kazmierski, |
| | ) | Judge Presiding. |

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Defendant, Jorge Rodriguez, was convicted by a jury of the first degree murder of Mario Avila. His two codefendants, Phonakone Sangathit and Carolina Santos received separate trials. Following the defendant's conviction, the trial judge sentenced him to 35 years in the Illinois Department of Corrections and imposed an additional enhanced sentence of 15 years for committing the murder while armed with a firearm. Defendant challenges imposition of the enhanced sentence because he was found guilty of murder under an accountability theory. He also contends the enhanced sentence violated the principles articulated in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). We affirm.

BACKGROUND

On July 28, 2001, defendant asked Mario Avila to supply him and codefendant Sangathit

with four kilograms of cocaine. Avila agreed and told defendant each kilo would cost $20,000. Once the meeting place and time were finalized, defendant and the other codefendants planned to rob and kill Avila. Upon arriving at the meeting place, defendant stood by while his codefendant Phonakone Sangathit shot Avila once in the head and once in the chest and left him in Avila's car.

Defendant was arrested on August 4, 2001, and brought into the Area 5 police station. During questioning, the defendant's alibi broke down and he and his accomplices were charged with Avila's murder. In defendant's videotaped confession he admitted to running from the scene of the homicide with Sangathit after the shooting because they saw someone coming down the alley. Several hours later defendant returned to the victim's car and showed his girlfriend, Noris Sanchez the victim's body. Defendant drove the car with Sanchez in the backseat into an alley near Irving Park and Laramie and waited for Sangathit. When Sangathit arrived, he told defendant to follow behind him and drove to another alley where defendant and Sangathit removed the victim's body from the car and put it next to a garbage can. Defendant and Sangathit searched the victim's car for drugs, which they found underneath the back seat. Defendant admitted smashing the victim's pagers "so that there would like [*sic*] no evidence."

The defense did not present any evidence. The jury found defendant guilty of the first degree murder of Mario Avila. Defendant was sentenced to 35 years in prison and an additional 15 years under section 5-8-1(a)(1)(d)(i) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-1(a)(1)(d)(i) (West Supp. 2005)). Defendant filed a motion to reconsider the sentence which was denied. This appeal follows.

2

ANALYSIS

In the instant case, none of the facts of the trial are in dispute. Defendant is challenging the underlying statute used to enhance defendant's sentence. Defendant's challenge presents a question of statutory interpretation, which we resolve using a *de novo* standard of review. *People v. Taylor*, 221 Ill. 2d 157, 162 (2006).

Defendant presents two arguments in support of his challenge to his sentence. He contends that an enhanced sentence under section 5-8-1(a)(1)(d) (730 ILCS 5/5-8-1(a)(1)(d) (West Supp. 2005)) was improper because he was found guilty of first degree murder under an accountability theory and an enhanced sentence requires that he be personally armed with a firearm during the offense. Defendant also argues that the sentence enhancement violated the principles articulated in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), because the verdict form returned by the jury did not contain a finding that defendant was armed with a firearm during the offense. We take each argument in turn.

ENHANCED SENTENCE APPLIES TO ACCOUNTABLE DEFENDANT

Defendant argues that section 5-8-1(a)(1)(d)(i) (730 ILCS 5/5-8-1(a)(1)(d)(i) (West Supp. 2005)) does not provide that a person convicted under a theory of accountability is subject to the firearm enhancement if he or she is not personally armed at the time of murder. We look to the intent of the legislature to determine whether defendant's sentencing is outside the scope of the statute. *People v. Davis*, 199 Ill. 2d 130, 135 (2002). The best indication of legislative intent is the language of the statute. *People v. Waid*, 221 Ill. 2d 464 (2006). Section 5-8-1(a)(1) provides in pertinent part as follows:

"(a) Except as otherwise provided in the statute defining the offense, a sentence of imprisonment for a felony shall be a determinate sentence set by the court under this Section, according to the following limitations:

(1) for first degree murder,

(a) a term shall be not less than 20 years and not more than 60 years, or

* * *

(d) (i) if the person committed the offense while armed with a firearm, 15 years shall be added to the term of imprisonment imposed by the court;

(ii) if, during the commission of the offense, the person personally discharged a firearm, 20 years shall be added to the term of imprisonment imposed by the court;

(iii) if, during the commission of the offense, the person personally discharged a firearm that proximately caused great bodily harm, permanent disability, permanent disfigurement, or death to another person, 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court." 730 ILCS 5/5-8-1(a) (1)(a), (d) (West Supp. 2005).

1-05-1044

When statutes address the same subject, sections *in pari materia* should be considered with reference to one another in order to give the various sections harmonious effect. *People v. McCarty*, 223 Ill. 2d 109, 133 (2006). When read together, the sections of this statute show a key distinction. In subsections (ii) and (iii), the word "personally" is added to refer to the person subject to the enhanced sentence. Those sections of the statute provide specific penalties for the person who personally discharges a firearm. The principles of statutory interpretation dictate that the different wording used in the sections denotes a different purpose. Had the legislature wished to limit the enhancement in section (i) to persons who personally discharge a firearm, it would have placed the word "personally" in the language of the statute, as it did in subsections (ii) and (iii). However, because the legislature chose not to word subsection (i) in the same way, it is clear that it did not want to limit this 15-year enhancement to only those defendants who personally discharge a firearm, but wanted to include those defendants convicted under the principles of accountability.

### *APPRENDI* VIOLATION

Additionally, defendant argues that *Apprendi* was violated because in the instant case the factual basis for the sentence enhancement, *i.e.*, being armed with a firearm during the offense, was not submitted to the jury and was not proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. In *Apprendi*, the Supreme Court held that the facts that increase the prescribed penalties for an offense must be submitted to a jury and proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

5

1-05-1044

In the instant case, based on Illinois Pattern Jury Instruction, Criminal, No. 7.02 (4th ed. 2000), the jury was specifically instructed that in order to find defendant guilty of the offense of first degree murder, it would have to find that the State proved beyond a reasonable doubt:

"First: That the defendant, or one for whose conduct he is

legally responsible, performed the acts which caused the death of

Mario Avila while armed with a firearm; and

Second: That when the defendant, or one for whose conduct

he is legally responsible, did so, he intended to kill or do great

bodily harm to Mario Avila;

or

he knew that his acts would cause death to Mario Avila;

or

he knew that his acts created a strong probability of death

or great bodily harm to Mario Avila;

or

he was attempting to commit the offense of armed

robbery."

The court further instructed the jury that "[i]f you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty." The court also instructed the jury that "[i]f you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a

6

reasonable doubt, you should return a verdict of not guilty."

After considering the evidence together with these instructions and the arguments by the parties, the jury returned a general verdict finding defendant guilty of the offense of first degree murder. The record, including the evidence, the instructions, and the signed verdict form, reflects that the jury in the instant case found beyond a reasonable doubt that the defendant, or one for whose conduct he was legally responsible, was armed with a firearm while performing the acts which caused the death of Avila. As stated above, the trial judge appropriately applied an enhanced sentence based on defendant's accountability for the conduct of his codefendants, including shooting Mario Avila once in the head and once in the chest with a firearm. Before deliberating, the jury was instructed that to find defendant guilty of first degree murder, it would have to find that the State proved beyond a reasonable doubt that the defendant, or one for whose conduct he was legally responsible, performed the acts which caused the death of Mario Avila while armed with a firearm.

The verdict of the jury reflected that it was proven beyond a reasonable doubt that defendant, or one for whose conduct he was legally responsible, committed the offense while armed with a firearm. For the reasons previously discussed, in the instant case the sentence enhancement requirements are satisfied under accountability principles. The instructions provided to the jury at defendant's trial including the language "while armed with a firearm" and properly articulated the facts that were required to be proven beyond a reasonable doubt in order to apply the 15-year extension to defendant's sentence.

Our analysis is consistent with the principles articulated by the Illinois Supreme Court in *People v. Hopkins*, 201 Ill. 2d 26 (2002). In *Hopkins*, the defendant was sentenced to an extended term in prison after being convicted of first degree murder, armed robbery, aggravated battery, and home invasion. In its analysis the court in *Hopkins* noted that the jury returned a verdict of guilty for the charged offense of aggravated battery and this charge included the fact of the victim's age as an element of the offense. *Hopkins*, 210 Ill. 2d at 39. Accordingly, the age of the victim was an element proven beyond a reasonable doubt which permitted the trial court to sentence defendant to an extended term sentence. *Hopkins*, 201 Ill. 2d at 39.

Similarly in the instant case, the fact that defendant, or one for whose conduct he was legally responsible, was "armed with a firearm" was included as a fact which the instruction required the State to prove to the jury beyond a reasonable doubt. In returning the verdict finding defendant guilty of first degree murder, the jury in the instant case found beyond a reasonable doubt that defendant, or one for whose conduct he was legally responsible, was armed with a firearm. The fact of being "armed with a firearm" which enhanced the penalty for the offense of murder was submitted to the jury and proven beyond a reasonable doubt as required by *Apprendi*. Accordingly, there is no *Apprendi* violation.

## CONCLUSION

The plain wording of the statute at issue, section 5-8-1(a)(1)(d)(i) of the Code (730 ILCS 5/5-8-1(a)(1)(d)(i) (West Supp. 2005)), permitted the judge based on the facts of the instant case to impose upon defendant an enhanced sentence of 15 years in the Illinois Department of Corrections. The record reflects no *Apprendi* violation because the State proved beyond a

reasonable doubt that defendant or one for whose conduct he was legally responsible performed the acts which caused the death of Mario Avila while armed with a firearm. For the reasons previously discussed, we reject defendant's request to reduce by 15 years defendant's sentence of 50 years imprisonment.

Affirmed.

TULLY and GALLAGHER, JJ., concur.