# Illinois Official Reports

## Appellate Court

---

### *People v. Lewis*, 2021 IL App (3d) 180259

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK R. LEWIS, Defendant-Appellant. |
| District & No. | Third District<br>Nos. 3-18-0259, 3-18-0260 cons. |
| Filed | July 9, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Will County, Nos. 11-CF-1108, 11-CF-2283; the Hon. Daniel Rippy, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Douglas R. Hoff, and James Wozniak, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Jessica A. Theodoratos, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justices Holdridge and Lytton concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendant, Mark R. Lewis, appeals following the Will County circuit court's finding of "not not guilty" after a discharge hearing. He argues that the court erred in allowing the State to introduce the deposition of a witness as substantive evidence in lieu of live testimony. We affirm.

¶ 2                                                    I. BACKGROUND

¶ 3 The State charged defendant in separate cases with six total criminal charges. In case No. 11-CF-2283, the State charged defendant with four counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2), (a)(3) (West 2010)), home invasion (*id.* § 12-11(a)(2)), and residential burglary (*id.* § 19-3(a)). In case No. 11-CF-1108, the State charged defendant with identity theft (*id.* § 16G-15(a)(1), (d)(1)(C)). The former indictment alleged, *inter alia*, that defendant caused the death of Cathleen Lewis by striking her in the head with a blunt object. The latter indictment alleged that defendant used the personal identification information of Delores Lewis, without her permission, to fraudulently obtain more than $2000.

¶ 4 The circuit court found that a *bona fide* doubt existed concerning defendant's fitness to stand trial. After the parties stipulated to two psychologists' reports concluding that defendant was unfit to stand trial, the court found defendant unfit and remanded him to the custody of the Department of Human Services (DHS). A series of subsequent reports from DHS indicated that defendant would be unable to attain fitness within one year. The parties scheduled a discharge hearing. That hearing, which is the subject of the instant appeal, ultimately commenced on December 12, 2017.

¶ 5 On October 26, 2015—two years prior to the actual commencement of the discharge hearing—the State filed a motion seeking to take an evidence deposition of Delores for potential use at the discharge hearing. The motion averred that Delores was 85 years old at the time, "presently resides in a nursing home, and due to health issues, it is very difficult for [her] to travel far from the nursing home." The motion asserted that the suggested course was allowed under Illinois Supreme Court Rule 414 (eff. Oct. 1, 1971).

¶ 6 In court on its motion, the State further averred that "it is very difficult for [Delores] to get around." The State suggested taking a deposition of Delores at the Naperville Police Department, which was near the nursing home where she was living. The video deposition would be live streamed to the courtroom. Defense counsel objected, conceding that the procedure was allowed under Rule 414 but arguing that the State had failed to show "a substantial possibility *** the testimony would be unavailable at the time of hearing or trial."

¶ 7 The court opined that a potential trial could be at least two years away. The State added that due to Delores's mobility issues, it would likely take her 40 minutes to move from the parking lot of the courthouse to the courtroom. The court granted the motion.

¶ 8 The deposition of Delores occurred over four days in March 2016. Defendant was present in the courtroom while video of the deposition was shown in real time. One of defendant's

attorneys, as well as a court reporter, was at the police department with Delores. Another of defendant's attorneys accompanied him in the courtroom.[1]

¶ 9 On May 19, 2017, the State filed a motion requesting that the court find Delores unavailable to testify in court and allow the State to produce the transcript and video of her deposition as substantive evidence at defendant's discharge hearing. The motion noted that Delores was then 86 years old and living in an assisted care facility. It also alleged that, since the deposition was taken, Delores had been diagnosed with heart failure and "treated for injuries sustained during a fall *** while she attempted to move from her wheelchair to another chair." The motion also alleged that the deposition had required approximately seven or eight hours of testimony from Delores over the course of four days.

¶ 10 Attached to the motion was an affidavit from Delores's doctor. In the affidavit, Dr. Ratish Kaura averred that Delores was in "declining health." Kaura explained that Delores was "dependent upon wheelchair for mobility and needs assistance getting in and out of the wheelchair; recently treated for a fall." He also stated that Delores suffered from incontinence such that she was "dependent upon others to assist in using the restroom." He concluded that testifying in court "would negatively impact Delores *** both psychologically and physically."

¶ 11 In court, defense counsel objected to the State's motion. He argued only that "[f]or the seriousness of the case, I believe the Court should prefer live testimony." The court granted the motion.

¶ 12 After an extensive discharge hearing, which included Delores's deposition testimony, the court found defendant "not not guilty" of the charged offenses. The court remanded defendant to the custody of DHS for an extended treatment period of five years.

¶ 13 II. ANALYSIS

¶ 14 On appeal, defendant contends that the circuit court erred in allowing Delores's testimony to be presented via deposition at his discharge hearing. His argument proceeds in two parts. First, he argues that Illinois Supreme Court Rule 414 (eff. Oct. 1, 1971), governing evidence depositions, is inapplicable to discharge hearings, such that the use of Delores's deposition was unauthorized. Alternatively, he contends that even if Rule 414 is applicable in the discharge hearing context, the court erred in finding Delores "unavailable at the time of hearing or trial," as required by the rule. *Id.*

¶ 15 A. Applicability of Rule 414

¶ 16 Rule 414 provides:

"If it appears to the court in which a criminal charge is pending that the deposition of any person other than the defendant is necessary for the preservation of relevant testimony because of the substantial possibility it would be unavailable at the time of hearing or trial, the court may, upon motion and notice to both parties and their counsel, order the taking of such person's deposition under oral examination or written questions for use as evidence at a hearing or trial." Ill. S. Ct. R. 414(a) (eff. Oct. 1, 1971).

---

[1]We note that defendant raises no issue in this appeal concerning the procedures employed in the court of Delores's deposition.

The rule further dictates that the deposition shall be taken in accordance with the rules of civil procedure. *Id.*

¶ 17 A discharge hearing determines the sufficiency of the evidence against a defendant. 725 ILCS 5/104-25(a) (West 2018). "[I]t is an 'innocence only' proceeding that results in a final adjudication of charges only if the evidence fails to establish the defendant's guilt beyond a reasonable doubt (resulting in the defendant's acquittal) ***." *People v. Waid*, 221 Ill. 2d 464, 469-70 (2006). If the court deems the evidence to be sufficient, it finds the defendant *not* not guilty. *Id.* Section 104-25 of the Code of Criminal Procedure of 1963 (Code), which establishes discharge hearings, also provides specifically that "[t]he court may admit hearsay or affidavit evidence on secondary matters such as testimony to establish the chain of possession of physical evidence, laboratory reports, authentication of transcripts taken by official reporters, court and business records, and public documents." 725 ILCS 5/104-25(a) (West 2018). A hearing under section 104-25 is considered civil, rather than criminal, in nature. *Waid*, 221 Ill. 2d at 470.

¶ 18 Defendant asserts that Rule 414 is, on its face, only applicable to criminal proceedings. Moreover, he contends that because section 104-25 already contains a section delineating the proper use of hearsay evidence at a discharge hearing, and because that section does not allow for the use of depositions, it follows that Rule 414 is inapplicable to discharge proceedings and use of depositions as substantive evidence is impermissible.

¶ 19 In *People v. Orengo*, 2012 IL App (1st) 111071, the First District confronted a similar argument. There, the defendant argued that section 115-10 of the Code (725 ILCS 5/115-10 (West 2008)), which establishes the admissibility of certain forms of hearsay in criminal trials, was not applicable to his discharge hearing. *Orengo*, 2012 IL App (1st) 111071, ¶¶ 1, 21. The court rejected the defendant's argument, finding that "unless otherwise noted in section 104-25, the same rules governing the admission of evidence in a criminal proceeding should apply in a discharge hearing." *Id.* ¶ 25. The court also rejected the defendant's argument—the same made by defendant here—that because section 104-25 was silent as to the admission of hearsay on primary matters, such evidence must be precluded. The *Orengo* court responded:

> "To accept Orengo's argument, however, we would have to agree that the legislature intended to provide greater protection of discharge hearing defendants' rights than of criminal defendants' rights. Our supreme court disagreed with this position in [*Waid*]. In *Waid*, the court found that the constitutional rights of discharge hearing defendants are not protected to the same degree as they would be in a criminal trial. [Citation.] It therefore determined that section 104-25(a), which allows admission of hearsay evidence at a discharge hearing, does not violate the confrontation clause or the due process clause. [Citation.] It concluded that 'reliable hearsay of the type allowed under section 104-25(a) is admissible at a discharge hearing.' [Citation.] Hearsay statements admitted through section 115-10 hearings are deemed reliable for use in criminal proceedings. *The mere omission of an express provision allowing hearsay statements pursuant to section 115-10 does not reflect the legislature's intent to preclude such evidence from a discharge hearing.*" (Emphasis added.) *Id.* ¶ 28 (quoting *Waid*, 221 Ill. 2d at 480).

¶ 20 We adopt the reasoning of the *Orengo* court in full. There is no apparent reason that a defendant at a discharge hearing would be the recipient of procedural protections above and beyond those afforded to a criminal defendant. Indeed, our supreme court has made clear that

the opposite is true. *Waid*, 221 Ill. 2d at 480. Rather than setting forth the full scope of evidence admissible at a discharge hearing, the hearsay clause of section 104-25 merely describes a specific area in which *more* evidence is allowed at a discharge hearing than would be at a criminal trial. Accordingly, we find that Rule 414 was applicable at defendant's discharge hearing.

¶ 21                                B. Unavailability of Witness

¶ 22    Defendant next argues that the State failed to demonstrate that Delores was unavailable to testify at his discharge hearing, such that the court's finding to the contrary amounted to an abuse of discretion.

¶ 23    As discussed above, Rule 414 contemplates the use of deposition evidence at hearing or trial where the witness is unavailable. In turn, Illinois Rule of Evidence 804(a) (eff. Jan. 1. 2011) defines the unavailability of a witness. As relevant here, the unavailability of a witness includes situations in which the witness "is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity." Ill. R. Evid. 804(a)(4) (eff. Jan. 1, 2011). The circuit court's determination that a witness is unavailable is reviewed for abuse of discretion. *People v. Lobdell*, 172 Ill. App. 3d 26, 28-29 (1988). The court abuses its discretion where its decision is arbitrary, fanciful, or so unreasonable that no reasonable person would take the same position. *People v. Donoho*, 204 Ill. 2d 159, 182 (2003).

¶ 24    Defendant observes that neither the State's motion nor Kaura's affidavit included an assertion that Delores was "unable" to come to court. Ill. R. Evid. 804(a)(4) (eff. Jan. 1, 2011). We reject such a "magic words" approach to the analysis. While Delores's doctor did not use the term "unable," he described, in detail, Delores's inability.

¶ 25    In *People v. Rohlfs*, 368 Ill. App. 3d 540, 546-47 (2006), this court tacitly rejected the notion that the unavailability of a witness must mean that their presence is a physical impossibility. In that case, an 85-year-old witness suffering from high blood pressure, requiring an oxygen tank, and "physically unable to leave her home without assistance" was allowed to provide an evidentiary deposition. *Id.* at 547.

¶ 26    In this case, the 86-year-old Delores was wheelchair bound and unable to move from the wheelchair without assistance. In fact, she was presently being treated for a fall that occurred when attempting to move from her wheelchair. She also suffered from heart failure. Moreover, the record makes clear that Delores's testimony at the discharge hearing was unlikely to have been brief, as her deposition consisted of seven or eight hours of testimony over four days. Bringing Delores from the nursing home, to the courthouse, to the witness stand, along with any required bathroom breaks, likely over the course of multiple days, presented a clear risk to her already fragile health. Given these conditions, we cannot find that the court acted arbitrarily or unreasonably in finding that Delores was unavailable for the discharge hearing.

¶ 27                                   III. CONCLUSION

¶ 28    The judgment of the circuit court of Will County is affirmed.

¶ 29    Affirmed.