BEECHER MEDICAL CENTER, INC., Plaintiff-Appellee, v. BERNARD J. TURNOCK, Director, *et al.*, Defendants-Appellants.

First District (5th Division)   No. 1—88—3724

Opinion filed December 21, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Valerie J. Peiler, Assistant Attorney General, of Chicago, of counsel), for appellants.

Ronald Scott Mangum, of Chicago (Terrence J. Benshoff, of counsel), for appellee.

JUSTICE GORDON delivered the opinion of the court:

The defendants, the Director of Public Health and the Illinois Department of Public Health (Director and Department, respectively), appeal from an order of the circuit court of Cook County on administrative review that reversed the Director's "Final Order and Decision," finding the plaintiff, Beecher Medical Center, Inc. (Beecher), a long-term nursing care facility, in violation of the Nursing Home Care Reform Act of 1979 (the Act) (Ill. Rev. Stat. 1985, ch. 111½, par. 4151—101 *et seq.*). The reversal of the circuit court was predicated on the procedural ground that the attorney appointed by the Director to serve as a hearing officer was not lawfully appointed as required by section 3—704(a) of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 4153—704(a)), and therefore the hearing officer lacked jurisdiction to conduct the administrative hearing below. For the reasons set forth, we reverse the judgment of the circuit court.

In April of 1986, the Department received a complaint against Beecher alleging that Beecher had negligently cared for one of its residents who, while under the care of the staff at Beecher, had sustained bone fractures in both of her legs. According to the nursing records, the attending nurse had observed bruises on the resident's legs, but had failed to notify her physician of her condition.

After investigating that complaint, the Department concluded that Beecher had violated Rule 300.1010(h) of the Minimum Standards, Rules and Regulations for the Classification and Licensure of Skilled Nursing Facilities and Intermediate Care Facilities (77 Ill. Admin. Code, §300.1010(h) (1980)) by its failure to notify the resident's physician of the bruises observed by the resident's attending nurse. Beecher thereupon requested an administrative hearing to review the Department's determination. Subsequently, in August of 1986, evidentiary hearings were held and conducted by a private attorney who was appointed by the Director as a hearing officer pursuant to a contractual agreement with the Department. After hearing testimony, the hearing officer recommended that the Department's finding that Beecher violated Rule 300.1010(h) be affirmed. The Director adopted the hearing officer's recommendation in the final order, thus citing

Beecher with a "Type B" violation. Ill. Rev. Stat. 1985, ch. 111½, par. 4151—130.

Beecher filed a complaint for administrative review in the circuit court of Cook County. In its complaint, Beecher alleged that: (1) the Director's decision was contrary to the manifest weight of the evidence; (2) the Department failed to follow its own published rules in adopting and issuing the decision; and (3) the Department's actions denied Beecher due process of law because the hearing officer was not lawfully appointed pursuant to section 3—704(a) of the Act. (Ill. Rev. Stat. 1985, ch. 111½, par. 4153—704(a).) The circuit court ruled that although there was sufficient evidence to sustain the Director's decision that Beecher had committed a "Type B" violation and that the Department did adhere to its own rules, the court reversed the Director's decision solely on the ground that the hearing officer was not lawfully appointed and therefore the hearing officer lacked jurisdiction to conduct the hearing.

At issue here is whether the attorney appointed by the Director qualified as a hearing officer under section 3—704(a) of the Act, which at the relevant times herein provided: "Upon the receipt of a request in writing for a hearing, *the Director or a duly qualified employee of the Department designated in writing by the Director as a hearing officer* shall conduct a hearing to review the decision." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 111½, par. 4153—704(a).) The term "Director" is defined in an earlier provision of the Act to mean "the Director of Public Health or his designee." (Ill. Rev. Stat. 1985, ch. 111½, par. 4151—110.) In August of 1988, the legislature amended section 3—704(a) of the Act by omitting the term "duly qualified employee" and inserting the word "person" (Pub. Act 85—1183, eff. August 13, 1988 (amending Ill. Rev. Stat. 1985, ch. 111½, par. 3—704(a)), thereby explicitly providing that any person designated in writing by the Director would have the authority to serve as a hearing officer. Both parties agree, however, that this case is controlled by the statute as it existed prior to amendment. Because neither party argues on appeal that the hearing officer in this case was an "employee" of the Department, we proceed under the implicit concession that the attorney's status was that of an independent contractor, and not that of a "duly qualified employee."

The Department contends that the proper construction of section 3—704(a) requires that the term "Director" be accorded its full latitude as defined permitting either the *Director or his designee,* whether the designee is an independent contractor or an employee, to serve as a hearing officer. The Department points out that this con-

struction is mandated by the provision in the Act which states that "[f]or the purposes of this Act, *** the terms defined in this Article have the meanings ascribed to them herein," unless the context otherwise requires. (Ill. Rev. Stat. 1985, ch. 111½, par. 4151—102.) The Department, therefore, urges that even though he was not a Department employee, the hearing officer was lawfully appointed pursuant to the Director's designation as evidenced by his contract, which states that he would "serve as a hearing officer on behalf of the Director of Public Health for the administrative proceedings for which [he] is appointed by the Director."

Beecher responds that if the term "Director" in section 3—704(a) is construed according to its definition, the term "duly qualified employee" becomes redundant and meaningless because anyone can be the Director's "designee." It further argues that the 1988 legislative amendment supports its contention because there would have been no need for a legislative amendment.

■■ ■ On balance we find that the Department's position is more cogent and more consistent with basic principles of statutory construction. It is a fundamental rule of statutory construction that when an act defines its own terms, those terms must be construed according to the definitions given to them in the act. (*Heritage Bank & Trust Co. v. Harris* (1985), 132 Ill. App. 3d 969, 478 N.E.2d 526.) Those definitions furnish "official and authoritative evidence of legislative intent and meaning and should be given controlling effect." (*Laborer's International Union of North America, Local 1280 v. Illinois State Labor Relations Board* (1987), 154 Ill. App. 3d 1045, 1059, 507 N.E.2d 1200, 1209, citing 1A N. Singer, Sutherland on *Statutory Construction*, §27.02 (Sands 4th ed. 1972 & Supp. 1983).) Under this principle, the full statutory definition of the term "Director" should be implemented to include any designee of the Director even though a nonemployee.

■■ Moreover, judicial deference should be given to administrative interpretation particularly where such interpretation involves resolution of jurisdictional questions. (*Illinois Consolidated Telephone Co. v. Illinois Commerce Comm'n* (1983), 95 Ill. 2d 142, 447 N.E.2d 295; see generally 2 Davis, Administrative Law §§7:11 through 7:13 (2d ed. 1979).) Additionally, our supreme court has recognized that the interpretations of statutes by administrative agencies "express an informed source for ascertaining the legislative intent" (*Adams v. Jewel Cos.* (1976), 63 Ill. 2d 336, 344-45, 348 N.E.2d 161, 165), especially where such interpretations "have been consistently adhered to for a long period of time. [Citations.]" (*Illinois Consolidated Telephone Co.,*

95 Ill. 2d at 153, 447 N.E.2d at 300.) Under this policy, deference must be paid to the interpretation of the Department because it has consistently interpreted section 3—704(a) of the Act to mean that the Department may engage hearing officers who are not employees of the Department to conduct its hearings.

The issue concerning the authority of a nonemployee designated by the Director to serve as a hearing officer recently was addressed in *Moon Lake Convalescent Center v. Margolis* (1989), 180 Ill. App. 3d 245, 435 N.E.2d 956. The hearing officer in that case was hired by the Department through a contractual agreement similar to the appointed attorney in the instant case. The *Moon Lake* court agreed with the Department that the term "Director" in section 3—704(a) of the Act is to be construed consistent with its definition as provided in section 1—110. (*Moon Lake*, 180 Ill. App. 3d at 254, 535 N.E.2d at 962.) In so doing, the *Moon Lake* court noted that the legislature had specifically defined "Director" to include "his designee," which aptly "recognizes that the Director of an agency cannot possibly perform all of the functions of the agency." (180 Ill. App. 3d at 254, 535 N.E.2d at 962.) The court, therefore, determined that the hearing officer in that case was the Director's "designee" and thus satisfied the statutory requirements of the Act. Additionally, the court, aware of the 1988 amendment, concluded, contrary to the appellee's contention that was likewise argued here, that the amendment did not "demonstrate[] a change in attitude, but reflects the legislature's original intent in this matter." (180 Ill. App. 3d at 254, 535 N.E.2d at 962.) We agree with that conclusion. Moreover, it should be noted that although the only apparent reference to the amendment's purpose in the legislative debates was a single sentence by one senator, he did state without adverse comment that the amendment "codifies the existing practice of hiring contractual hearing officers." (85th Ill. Gen. Assem., Senate Proceedings, June 22, 1988, at 175 (statement of Senator Donahue).) This comment is consistent with the conclusion reached in *Moon Lake.*

Beecher suggests that the decision in *Moon Lake* should be afforded little deference because the court's analysis regarding the status of the hearing officer is contained in "about two and half pages of a 22 page opinion." Additionally, Beecher maintains that we should not be persuaded by *Moon Lake* and therefore should not reverse the circuit court's finding because in *Moon Lake* the underlying offense was far more flagrant than the offense in this case, thus suggesting that a reversal is only warranted where the offense leads to the death of a nursing home resident. (See *Moon Lake,* 180

Ill. App. 3d at 249, 535 N.E.2d at 959.) These arguments on their face are without merit.

Because we hold that the appointed attorney satisfied statutory requirements pursuant to section 3—704 as a "designee" of the Director, we need not address the Department's second argument that the hearing officer was a *de facto* officer whose acts were valid.

For the reasons set forth, we reverse the judgment of the circuit court.

Reversed.

COCCIA and MURRAY, JJ., concur.