THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JUAN I. GONZALEZ, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TYE NENYCZ, Defendant-Appellee.

Third District   Nos. 3—06—0654, 3—06—0655 cons.

Opinion filed March 27, 2009.

Terence M. Patton, State's Attorney, of Cambridge (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Bryon Kohut, of State Appellate Defender's Office, of Ottawa, for appellees.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Defendants, Juan Gonzalez and Tye Nenycz, were charged with aggravated driving under the influence of alcohol in violation of section 11—501 of the Illinois Vehicle Code (625 ILCS 5/11—501(d)(1)(G), (d)(1)(H) (West 2006)). Gonzalez allegedly committed the offense on March 20, 2006, and Nenycz is alleged to have commited the offense on February 4, 2006. The circuit court granted defendants' motions to dismiss, holding that subsections (d)(1)(G) and (d)(1)(H), enacted by Public Act 94—329 (Pub. Act 94—329, eff. January 1, 2006) were not embodied in section 11—501 at the time the offenses were alleged to have been committed. For the following reasons, we reverse the circuit court and remand these matters for further proceedings consistent with this opinion.

As both matters herein are controlled by section 11—501 of the Illinois Vehicle Code, we begin there. Prior to January 1, 2006, section 11—501 provided that driving under the influence of alcohol or drugs (DUI) constituted aggravated DUI in six instances, none of which are relevant to further discussion. However, section 11—501 was amended, effective January 1, 2006, by Public Acts 94—110, 94—113, 94—114, 94—116, 94—329 and 94—609. We are specifically concerned in the instant matter with Public Act 94—329, which amended section 11—501 by adding two additional instances which would constitute aggravated DUI: subsections (d)(1)(G) and (d)(1)(H)—the subsections under which the defendants herein were charged—providing that a person who drives under the influence is guilty of aggravated DUI if he or she had no valid driver's license or was not covered by liability insurance. Public Act 94—329 was approved by the Governor on July 26, 2005.

Problematically, Public Act 94—609 also amended section 11—501 of the Illinois Vehicle Code. Specifically, it provided that if a defendant was convicted of aggravated DUI involving a death, probation was not available unless the trial judge determined that extraordinary circumstances warranted probation. Public Act 94—609, which did not contain subsections (d)(1)(G) and (d)(1)(H), was approved by the Governor on August 16, 2005.

Both defendants herein filed a "motion to declare statute unconstitutional." The motions stated that prior to the enactment of Public Act 94—329, subsections (d)(1)(G) and (d)(1)(H) did not exist and that, prior to its enactment, defendants could only have been charged with a misdemeanor. The motions also noted that during the 94th General Assembly, the legislature passed six separate public acts regarding section 11—501 of the Vehicle Code and that the sixth enactment, Public Act 94—609, did not include subsections (d)(1)(G) and (d)(1)(H). Defendants argued that, because Public Act 94—329 was not the last of the acts amending the DUI statute, it was no longer in effect, having been superceded by Public Act 94—609. Following a hearing on defendants' motions, the circuit court held that Public Act 94—609, as the last amendment to the DUI statute during the 94th General Assembly, superceded all other versions of the DUI statute, and thus, the specific provision of Public Act 94—329 creating the felonies under which defendants were charged was "unconstitutional and null and void."

The People filed certificates of impairment in each case, and the two cases were subsequently consolidated for purposes of this appeal.

Statutes enjoy a strong presumption of constitutionality, and courts should construe legislative enactments to be constitutional whenever reasonably possible. *People v. Huddleston*, 212 Ill. 2d 107, 128-29 (2004). Further, there is a strong preference for deciding matters on nonconstitutional grounds whenever possible and reaching constitutional issues only as a last resort. *People v. Lee*, 214 Ill. 2d 476, 482 (2005). The constitutionality of a statute, as well as issues of statutory construction, presents questions of law for *de novo* review. *People v. Molnar*, 222 Ill. 2d 495, 508 (2006).

Here, although the circuit court held that Public Act 94—329 was unconstitutional, it did not specifically state how the Act was constitutionally deficient. It appears from the record that the basis for the court's finding was that Public Act 94—329 had been "superceded by" Public Act 94—609 and thus Public Act 94—329 was "null and void." Therefore, we are convinced that the court did not find Public Act 94—329 to be unconstitutional but, rather, found it inoperative based upon principles of statutory construction. We note that the record establishes that the court based its ruling on section 6 of the Statute on Statutes (5 ILCS 70/6 (West 2000)). The Statute on Statutes provides rules to be observed in statutory construction.

The issue herein is not a matter of constitutional interpretation; rather, it is a matter of statutory construction. Specifically at issue herein is whether, as the circuit court held, Public Act 94—609—a version of the DUI statute that did not reference subsections (d)(1)(G)

and (d)(1)(H)—nullified Public Act 94—329, or whether Public Act 94—329 (which amended the DUI statute to include the relevant subsections) is also effective.

Section 6 of the Statute on Statutes is instructive:

> "Two or more Acts which relate to the same subject matter and which are enacted by the same General Assembly shall be construed together in such a manner as to give full effect to each Act except in case of an irreconcilable conflict. In case of an irreconcilable conflict the Act last acted upon by the General Assembly is controlling to the extent of such conflict. ***
>
> An irreconcilable conflict between 2 or more Acts which amends the same section of an Act exists only if the amendatory Acts make inconsistent changes in the section as it theretofore existed.
>
> The rules of construction provided for in this section are applicable to Acts enacted by the General Assembly throughout the 2 year period of its existence." 5 ILCS 70/6 (West 2004).

■ The law is well settled in favor of harmonizing enactments passed in the same legislative session. *S. Buchsbaum & Co. v. Gordon*, 389 Ill. 493, 499 (1945) (two acts passed at the same legislative session capable of being construed so that both may stand should be so construed); *People v. Benton*, 126 Ill. App. 2d 386, 391 (1970) (such enactments are not inconsistent if it is reasonably possible to construe them otherwise); *People ex rel. Dickey v. Southern Ry. Co.*, 17 Ill. 2d 550, 555 (1959) ("[f]or a later enactment to operate as a repeal by implication of an earlier one there must be such total and manifest repugnance that the two cannot stand together"); *People v. Holderfield*, 393 Ill. 138, 145 (1946) (only where there is such a clear repugnance between the acts that the provisions of both cannot be carried into effect must the later enactment prevail).

■ Under this well-settled law of statutory construction, we find the trial court erred in not giving effect to both amendments. We further find that the statutory provisions in the instant matter can be harmonized. It is clear that the legislature intended to make two separate and distinct changes to section 11—501 and that both can be given effect without inconsistency. The intent of Public Act 94—329 was to add two more offenses to aggravated driving under the influence. 94th Ill. Gen. Assem., House Proceedings, March 10, 2005, at 44.

Public Act 94—609 on the other hand amended section 11—501 to provide that if a defendant is convicted of aggravated DUI because his or her DUI was the cause of the death of one or more persons, the defendant would be sentenced to a term of imprisonment, unless the court determined that extraordinary circumstances required probation. Thus, the legislative intent of each enactment is not inconsistent. See *People v. Prouty*, 385 Ill. App. 3d 149 (2008).

Where the intention of the legislature in passing each act is clear and consistent, both acts must be given effect. *People ex rel. Brenza v. Fleetwood*, 413 Ill. 530, 549 (1952) ("[m]echanical application of the familiar rule that where inconsistent amendatory acts are passed at different times, the last one is to be obeyed [citations] would frustrate the accomplishment of the perfectly consistent objectives dealing with different subject matter expressed in [the two acts]").

Here, the trial court obviously made the erroneous presumption that "last-passed-equals-control" without any attempt to harmonize the enactments at issue. *People v. Frye*, 113 Ill. App. 3d 853, 860 (1983).

For the foregoing reasons, the order of the Henry County circuit court invalidating the statutory provisions at issue herein is reversed. The matter is remanded for further proceedings consistent with this disposition.

Reversed and remanded.

LYTTON and SCHMIDT, JJ., concur.