# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Olsson*, 2011 IL App (2d) 091351

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL OLSSON, Defendant-Appellant.–THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL OLSSON, Defendant-Appellant. |
| District & No. | Second District<br>Docket Nos. 2-09-1351, 2-09-1352 cons. |
| Filed | September 22, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was found not not guilty of several sexual offenses and was then certified as a sex offender under the Sex Offender Registration Act and ordered to register as a sex offender for his natural life, the trial court's judgment was modified to reflect that defendant was subject to registration for a period of 10 years, since defendant was not convicted of one of the enumerated offenses for purposes of qualifying as a sexual predator under the Act and being subjected to registration for his natural life. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, Nos. 05-CF-3046, 05-CF-3629; the Hon. Christopher R. Stride, Judge, presiding. |
| Judgment | Affirmed as modified. |

Counsel on
Appeal

Thomas A. Lilien and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Lawrence M. Bauer and Jay Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE ZENOFF delivered the judgment of the court, with opinion.

Justices Bowman and Hutchinson concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Paul Olsson, appeals from an order of the circuit court of Lake County entered on December 19, 2009, certifying him as a sex offender for purposes of the Sex Offender Registration Act (Act) (730 ILCS 150/1 *et seq.* (West 2008)) and subjecting him to mandatory lifetime registration. We modify the order to require defendant to register for a period of 10 years.

¶ 2    In case number 05-CF-3046, defendant was charged with two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008)) and two counts of aggravated criminal sexual abuse (720 ILCS 5/12-16 (West 2008)). In case number 05-CF-3629, defendant was charged with two counts of aggravated criminal sexual abuse. On October 12, 2007, defendant was found unfit to stand trial on the charges in both cases. When he was not restored to fitness within one year, defendant requested a discharge hearing pursuant to section 104-25 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/104-25 (West 2008)). On December 10, 2009, after hearing the evidence concerning defendant's guilt at defendant's discharge hearing, the trial court made a finding in number 05-CF-3046 of not not guilty on counts I, III, and IV, and a finding of not guilty (acquittal) on count II. In number 05-CF-3629, the trial court granted defendant's motion for a directed finding on count I and found defendant not not guilty on count II. The trial court remanded defendant to the Department of Mental Health and Developmental Disabilities for a two-year period of extended treatment. On December 17, 2009, the State moved to certify defendant as a sex offender under the Act. On December 17, 2009, the trial court entered an order certifying defendant as a sex offender and requiring him to register as such for his natural life. In each case, defendant timely appealed. This court consolidated the appeals.

¶ 3    In this appeal, defendant contends that the trial court erred in subjecting him to registration for his natural life, because, according to defendant, the Act mandates that he register only for a period of 10 years. Because this contention requires us to construe the Act, our review is *de novo*. *People v. Gonzalez*, 388 Ill. App. 3d 1003, 1005 (2009).

¶ 4        Before we address defendant's contention, it is necessary to look at the nature of a section 104-25 discharge hearing. A discharge hearing is not a criminal prosecution. *People v. Waid*, 221 Ill. 2d 464, 470 (2006). A discharge hearing takes place only after a defendant has been found unfit to stand trial, and it is a proceeding to determine only whether to enter a judgment of acquittal, not to make a determination of guilt. *Waid*, 221 Ill. 2d at 470. The question of guilt is deferred until the defendant is fit to stand trial. *Waid*, 221 Ill. 2d at 471. If the evidence presented at a discharge hearing is sufficient to establish the defendant's guilt, no conviction results; instead, the defendant is found "not not guilty." (Emphasis omitted.) *Waid*, 221 Ill. 2d at 478. A defendant who is found not not guilty is subject to a further period of treatment ranging from one to five years, depending on the seriousness of the offense charged. *Waid*, 221 Ill. 2d at 478. If, at the expiration of this period of treatment, the defendant is still unfit to stand trial, the court must determine whether the defendant is subject to involuntary commitment, and, if so, the commitment and treatment period cannot exceed the maximum sentence to which the defendant would have been subject had he been convicted in a criminal proceeding. *Waid*, 221 Ill. 2d at 478.

¶ 5        With this background, we will examine defendant's contention that he should have to register as a sex offender for a period of 10 years rather than natural life. The Act, in tandem with the Sex Offender Community Notification Law (730 ILCS 152/101 *et seq.* (West 2008)), provides a comprehensive scheme for the registration of sex offenders in Illinois and the dissemination of information about them to the public. *People v. Stanley*, 369 Ill. App. 3d 441, 446-47 (2006). The legislative intent was to create an additional measure of protection for children from the increasing incidence of sexual assault and child abuse. *People v. Beard*, 366 Ill. App. 3d 197, 199 (2006). The issue in our case is whether the trial court's finding of not not guilty of the offenses of predatory criminal sexual assault of a child and aggravated criminal sexual abuse subjects defendant to registration for natural life as a sexual predator under the Act.

¶ 6        In construing a statute, the court must ascertain and give effect to the legislature's intent in enacting the statute. *In re J.W.*, 204 Ill. 2d 50, 62 (2003). The statute's language is the most reliable indicator of the legislature's intent, and where the language is clear and unambiguous, the court must give effect to the statute as written without reading into it exceptions, limitations, or conditions that the legislature did not express. *J.W.*, 204 Ill. 2d at 62. When an act defines its own terms, those terms must be construed according to the definitions given to them in the statute. *Beecher Medical Center, Inc. v. Turnock*, 207 Ill. App. 3d 751, 754 (1990). Here, section 2 of the Act is the definitions section. "Sex offender" means, *inter alia*, a person who is the subject of a not not guilty finding after a discharge hearing. 730 ILCS 150/2(A)(1)(d) (West 2008). Defendant concedes that he is a sex offender for purposes of the Act. Section 2(E) of the Act defines a "sexual predator" as any person who, after July 1, 1999, is convicted of any of the enumerated offenses, which include predatory criminal sexual assault of a child and aggravated criminal sexual abuse. 730 ILCS 150/2(E) (West 2008). Section 3 requires a sex offender or a sexual predator, as defined in section 2, to register in person and provide accurate information as required by the Department of State Police. 730 ILCS 150/3 (West 2008). Section 7 provides that sexual predators, sexually dangerous persons, and sexually violent persons are required to register

-3-

for life. 730 ILCS 150/7 (West 2008); *People v. Molnar*, 222 Ill. 2d 495, 501 n.1 (2006). Any other person subject to the Act is required to register for a period of 10 years. 730 ILCS 150/7 (West 2008); *Molnar*, 222 Ill. 2d at 501 n.1. Section 7 further provides that registration shall occur "after conviction or adjudication." 730 ILCS 150/7 (West 2008). Defendant asserts that he is not a sexually dangerous person or a sexually violent person as those terms are defined in the Act. The State agrees. The State and defendant disagree about whether defendant is a sexual predator. Defendant contends that he is not, because he has not been convicted of any of the enumerated offenses in section 2(E).

¶ 7    The State argues that defendant qualifies as a sexual predator because, when the trial court found defendant not not guilty of predatory criminal sexual assault of a child and aggravated criminal sexual abuse, it found that the evidence proved beyond a reasonable doubt that defendant committed those offenses. The State asserts that the trial court thus "adjudged" defendant to have committed the offenses. The State reasons that, because section 2(A)(5) of the Act provides that adjudicated shall have the same meaning as convicted (730 ILCS 150/2(A)(5) (West 2008)), and because defendant was adjudged to have committed the offenses, he was, therefore, convicted of offenses that qualify him as a sexual predator. The State further reasons that section 7 requires all persons subject to the Act to register after "conviction or adjudication," indicating that the legislature intended a finding of not not guilty to be an adjudication.

¶ 8    The State takes section 2(A)(5) out of context. Section 2(A)(5) makes juveniles who are adjudicated delinquents, as a result of having committed any of the enumerated offenses, subject to registration. 730 ILCS 150/2(A)(5) (West 2008); *J.W.*, 204 Ill. 2d at 63. It is clear that a juvenile who has been adjudicated a delinquent as a result of the commission of aggravated criminal sexual assault is a sexual predator under the Act. *J.W.*, 204 Ill. 2d at 64. It is in this context that the legislature provided that an adjudication means the same thing as a conviction. The legislature is talking about an adjudication of delinquency, not any other type of adjudication. In *People v. Taylor*, 221 Ill. 2d 157 (2006), our supreme court stated that the legislature understood the need for specifically defining a juvenile adjudication as a conviction to effect its intent. *Taylor*, 221 Ill. 2d at 178-79. In *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 209 (2009), our supreme court reiterated that the word "adjudicated" has the same meaning as the word "convicted" in the context of a juvenile delinquency adjudication. The appellate court has likewise interpreted the term "adjudicated" in this context. *In re T.C.*, 384 Ill. App. 3d 870, 874 (2008) ("Because T.C. was adjudicated delinquent of aggravated criminal sexual assault, he is now classified as a 'sexual predator' pursuant to [the Act]."). Therefore, when the legislature used the word "adjudication" in section 7, it meant an adjudication of delinquency. "In construing a statute where the same, or substantially the same, words or phrases appear in different parts of the same statute they will be given a generally accepted and consistent meaning, where the legislative intent is not clearly expressed to the contrary." *Moran v. Katsinas*, 16 Ill. 2d 169, 174 (1959). Consequently, we hold that the legislature did not intend for a finding of not not guilty at a discharge hearing to be an adjudication for purposes of the Act.

¶ 9    Our conclusion is bolstered by the language of the Act itself. In section 2(A)(1)(d), the legislature provided that a person who has been found not not guilty after a discharge hearing

is a sex offender subject to registration. However, the legislature did not include a person found not not guilty in the definition of a sexual predator. This appears to be a deliberate exclusion. It is a generally accepted canon of construction that the express inclusion of a provision in one part of a statute and its omission in a parallel section is an intentional exclusion from the latter. *In re John C.M.*, 382 Ill. App. 3d 553, 567-68 (2008). Because the legislature excluded a person found not not guilty from the definition of a sexual predator, we may not read a contrary definition into section 7 of the Act. It is a fundamental rule of construction that, when an act defines its own terms, those terms must be construed according to the definitions given them in the act. *Beecher*, 207 Ill. App. 3d at 754. Those definitions are the " 'official and authoritative' " evidence of legislative intent and should be given controlling effect. *Beecher*, 207 Ill. App. 3d at 754. Consequently, we conclude that the legislature did not intend for a person found not not guilty after a discharge hearing to qualify as a sexual predator under the Act.

¶ 10        Moreover, given that a person must be convicted of one of the enumerated offenses in order to be a sexual predator under the Act, no other construction is consistent with due process. Criminal prosecution of a person who is unfit to stand trial is prohibited by the due process clause of the fourteenth amendment. *Medina v. California*, 505 U.S. 437, 439 (1992); *Waid*, 221 Ill. 2d at 470. Therefore, it is not true, as the State suggests, that the trial court adjudged defendant guilty of predatory criminal sexual assault of a child and aggravated criminal sexual abuse. A defendant who is not acquitted at a discharge hearing has not gained a definitive resolution of the charges against him. *People v. Pastewski*, 164 Ill. 2d 189, 200 (1995). Moreover, subjecting someone who has not gained a resolution of the charges against him to lifetime registration as a sexual predator could have a chilling effect on that person's exercise of his right to a discharge hearing. Accordingly, we hold that defendant was not subject to lifetime registration under the Act. Pursuant to Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994), we modify the trial court's December 19, 2009, order subjecting defendant to lifetime registration as a sexual predator under the Act and order that defendant is subject to registration for a period of 10 years.

¶ 11        For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed as modified.

¶ 12        Affirmed as modified.