# Illinois Official Reports

## Appellate Court

---

### *People v. Olsson*, 2014 IL App (2d) 131217

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL OLSSON, Defendant-Appellant.–THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL OLSSON, Defendant-Appellant. |
| District & No. | Second District<br>Docket Nos. 2-13-1217, 2-13-1271 cons. |
| Filed | June 30, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Orders entered by the trial court remanding defendant, who was charged with sex offenses involving children and found unfit to stand trial and "not not guilty," to the Department of Human Services pursuant to hearings conducted under section 104-25(g)(2)(i) of the Code of Criminal Procedure were affirmed over defendant's contentions that his rights to procedural due process were violated by the State's failure to present a treatment plan report that complied with the statutory requirements, since the treatment plan report addressed the statutory factors, it stated that defendant's unwillingness to cooperate prevented the State from providing a plan, and under the circumstances, the requirements of the statute were satisfied. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, Nos. 05-CF-3046, 05-CF-3629; the Hon. Christopher R. Stride, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Gillian E. Gosch, of Gosch Law Firm, P.C., of Waukegan, for appellant. |
| | |
| | Michael G. Nerheim, State's Attorney, of Waukegan (Lawrence M. Bauer and Jay Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion. Justices Hutchinson and Birkett concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Paul Olsson, appeals from orders entered by the circuit court of Lake County on October 16, 2013, and November 7, 2013, remanding him to the Department of Human Services (Department) after hearings pursuant to section 104-25(g)(2)(i) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/104-25(g)(2)(i) (West 2012)). We affirm.

¶ 2                                I. BACKGROUND

¶ 3    In 2005, defendant was charged with sex offenses involving children. In October 2007, he was found unfit to stand trial. In December 2009, at a discharge hearing, the trial court found defendant "not not guilty" of several of the charged offenses. The court ordered defendant's treatment extended to October 12, 2010. In September 2010, the State filed a motion to commit defendant to the Department pursuant to section 104-25(g)(2) of the Code, and, after a hearing, the trial court committed defendant to the Department. While defendant is committed under section 104-25(g)(2), he is entitled to a review of his status and treatment needs every 180 days. 725 ILCS 5/104-25(g)(2)(i) (West 2012). Pursuant to section 104-25(g)(2), every 90 days the Department must file with the trial court a treatment plan report in which the Department includes, *inter alia*, (1) an assessment of the defendant's treatment needs; (2) a description of the services recommended for treatment; (3) the goals of each type of element of service; (4) an anticipated timetable for the accomplishment of the goals; and (5) a designation of the qualified professional responsible for the implementation of the plan. 725 ILCS 5/104-25(g)(2) (West 2012); *People v. Olsson*, 2012 IL App (2d) 110856, ¶ 14.

¶ 4    On September 9, 2013, pursuant to our mandate (*People v. Olsson*, 2013 IL App (2d) 121036-U), the trial court conducted a section 104-25(g)(2)(i) hearing. Defendant was not present. According to the treating psychiatrist's affidavit, defendant refused to attend the hearing after being informed of the court date. Over defense counsel's objection, the trial court ruled that defendant validly waived his right to be present.

¶ 5    Defense counsel then objected to proceeding with the hearing, because the Department had not filed a treatment plan report in compliance with section 104-25(g)(2) of the Code. After reviewing the treatment plan report dated June 12, 2012, as revised on August 6, 2013, the court overruled defendant's objection, finding that the report was prepared in accordance with section 104-25(g)(2).

¶ 6    Dr. Richard Malis, defendant's treating psychiatrist, was the only witness who testified at the September 9, 2013, hearing. According to Dr. Malis, defendant was mentally ill in that he suffered from pedophilia. Dr. Malis opined that defendant required hospitalization for mental health treatment because he continued to present a danger to others. Dr. Malis testified that defendant's refusal of treatment, his young age when he first offended, and the fact that his victims were male increased the risk of recidivism. On cross-examination, Dr. Malis said that he used the risk factors identified in formal risk assessments, but he admitted that he had not personally conducted a formal risk assessment of defendant. He also testified that, because defendant refused treatment, he had received no meaningful treatment or assessment beyond a review of the offense file. At the conclusion of the September 9, 2013, hearing, the trial court orally ruled that defendant presented a serious threat to public safety and remanded him to the Department for further treatment. However, the trial court's written order was not entered until October 16, 2013. Defendant timely appealed (No. 2-13-1217).

¶ 7    On November 7, 2013, the trial court conducted another hearing pursuant to section 104-25(g)(2)(i). The record on appeal includes no treatment plan report relating to the November 7, 2013, hearing. However, the State asserted at the hearing that the Department had filed a treatment plan report on September 11, 2013–subsequent to the September 9 hearing–and one dated October 31, 2013. Asked if he had received those reports, counsel for defendant replied: "I believe I have, your Honor."

¶ 8    Defendant was not present at the hearing, and the trial court found, over defense counsel's objection, that defendant waived his right to be present. Dr. Malis once again was the only witness to testify at the hearing, and his testimony was substantially similar to his testimony at the September 9, 2013, hearing. During cross-examination, he stated that defendant continued to refuse most of the recommended treatment and that the treatment that defendant agreed to receive was very peripheral to the diagnosis of pedophilia. He added that defendant had recently made progress regarding his fitness to stand trial, because he had been cooperating with defense counsel. Dr. Malis explained that on October 15, 2013, defendant met with defense counsel about filing an appeal. Additionally, Dr. Malis stated that on October 16 or 17, defendant sent correspondence to defense counsel requesting assistance in filing a motion to attend a funeral. Dr. Malis viewed these acts as showing an ability to cooperate with counsel, and he said that his opinion would not change if defense counsel were to represent that he initiated the meeting or that defendant's first statement to him had been that he was not defendant's attorney.

¶ 9    At the conclusion of testimony and arguments, the trial court noted that it considered the testimony of Dr. Malis as well as the October 31, 2013, treatment plan report and stated: "that report will be made part of this record and treated the same way as all fitness reports are treated with respect to the file." The court then described the contents of the report, concluding that it complied with the statute. The court found that defendant presented a serious threat to public safety and again remanded him to the Department for further treatment. Following the court's ruling, defense counsel represented for the record that he

had received a "legally threatening and demanding" communication from defendant and that defendant did not cooperate with him or discuss the case with him in any meaningful or substantive way. The court entered a written order the same day, and defendant timely appealed (No. 2-13-1271).

¶ 10                                                    II. ANALYSIS

¶ 11        Defendant first contends that the trial court violated his procedural due process rights by failing to require the State to present a treatment plan report and/or testimony complying with the requirements of section 104-25(g)(2) at the hearing on November 7, 2013. We review *de novo* the issue of whether defendant's procedural due process rights were violated. *In re Shirley M.*, 368 Ill. App. 3d 1187, 1190 (2006).

¶ 12        The record on appeal contains the August 6, 2013, treatment plan report, but not the October 31, 2013, report. Defendant declares in his brief that "the treatment plan reviewed by the court on November 7, 2013, was not filed," yet he acknowledges that the State represented on the record that a plan had been filed on October 31, 2013. Defendant's appellate counsel asserts that she was unable to locate the October 31, 2013, report, but she has not provided this court with an affidavit or any other information detailing her efforts to obtain the document.

¶ 13        Section 104-19 of the Code provides:

> "Any report filed of record with the court concerning diagnosis, treatment or treatment plans made pursuant to this Article shall not be placed in the defendant's court record but shall be maintained separately by the clerk of the court and shall be available only to the court or an appellate court, the State and the defense, a facility or program which is providing treatment to the defendant pursuant to an order of the court or such other persons as the court may direct." 725 ILCS 5/104-19 (West 2012).

Although treatment plan reports must be filed with the trial court (and copies forwarded to the clerk of the court, the State's Attorney, and the defendant's attorney) (725 ILCS 5/104-25(g)(2) (West 2012)), section 104-19 requires the clerk of the court to maintain the reports separately from the defendant's court record (725 ILCS 5/104-19 (West 2012)). The statute does not specify the manner in which the clerk of the court should separate the reports–*i.e.*, by impounding the documents or by some other means. Indeed, there appears to be some inconsistency as to how the reports have been handled in the present case. Moreover, some of the reports were included in the record on appeal, in sealed envelopes as impounded documents, while other reports, apparently properly filed by the Department, were not. In any event, when appealing from an order following a section 104-25(g)(2)(i) hearing, the appellant must ensure that the appellate court receives a complete record, including any treatment plan reports. If a treatment plan report at issue is not included in the record as an impounded document, the appellant should move to supplement the record to include it, in accordance with Illinois Supreme Court Rule 329 (eff. Jan. 1, 2006).

¶ 14        Because defendant has failed to present a complete record on appeal in compliance with Illinois Supreme Court Rule 321 (eff. Feb. 1, 1994), having not included the October 31, 2013, treatment plan report, we must presume that the trial court's ruling on November 7, 2013, was in conformity with the law and had a sufficient factual basis. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (appellant bears the burden to "present a sufficiently

complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis"). Section 104-25(g)(2) of the Code requires the Department to file its treatment plan reports with the court, and it appears from the transcript of the November 7, 2013, hearing that the October 31, 2013, report was filed with the court. The State asserted on the record that the treatment plan had been filed, and neither defense counsel nor the trial court cast doubt on the State's representation. Yet, it is defendant's burden to present a sufficient record, and because the transcript of the November 7, 2013, hearing indicates that the report was filed and it is not included in the record on appeal, we must resolve the incompleteness of the record against defendant. See *Foutch*, 99 Ill. 2d at 391-92.

¶ 15    Additionally, although in the "issues presented for review" section of his brief defendant states that the trial court erred in failing to require the State to present a proper treatment plan report and/or testimony complying with section 104-25(g)(2) at the September 9, 2013, hearing, he does not actually argue that the August 6, 2013, treatment plan report, which the trial court considered at the hearing, was deficient. Accordingly, defendant has forfeited any argument as to the sufficiency of that treatment plan report. See Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013) (the appellant's brief must include "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"); *Cundiff v. Patel*, 2012 IL App (4th) 120031, ¶ 22 ("[A] party's failure to argue a point in his brief will result in forfeiture of the issue on appeal."). Nevertheless, forfeiture aside, we find that the August 6, 2013, treatment plan report comported with the statutory requirements. In *People v. Olsson*, 2012 IL App (2d) 110856, ¶ 16, we said that if a defendant's refusal to cooperate frustrates the Department's efforts to develop a treatment program, it is incumbent upon the author of the treatment plan report to say so explicitly, rather than leave the court to guess whether proper efforts have been made to care for the defendant. The record shows that the Department filed a treatment plan report that addressed all of the statutory factors. The report clearly stated that the Department was not able to provide a plan because defendant was unwilling to cooperate. Thus, under *Olsson*, the August 6, 2013, treatment plan report complied with the statute.

¶ 16    Defendant next argues that his right to equal protection under the law was violated because, absent the finding of unfitness, his commitment would have to have been pursuant to either the Sexually Violent Persons Commitment Act (SVPCA) (725 ILCS 207/1 *et seq.* (West 2012)) or the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/1-100 *et seq.* (West 2012)), which, according to defendant, would have entitled him to "substantially greater rights." Without citation of any authority, defendant asserts that "[t]he commitment procedure under the [Mental Health Code] is more stringent and there are more lenient standards for release" than under section 104-25(g)(2) of the Code. Defendant has forfeited his equal protection argument by failing to cite appropriate authority and by failing to articulate any rights under the Mental Health Code or the SVPCA that he is not accorded under section 104-25(g)(2) of the Code. Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013). "[A]n appellant must present clearly defined issues to the court, supported by relevant authority: this court is 'not simply a repository in which appellants may dump the burden of argument and research.' " *People v. Robinson*, 2013 IL App (2d) 120087, ¶ 15 (quoting *People v. Chatman*, 357 Ill. App. 3d 695, 703 (2005)).

¶ 17        Forfeiture notwithstanding, defendant's argument is unavailing. Defendant appears to take exception to the fact that the Department has not used risk assessment instruments such as the Static-99-R or the Minnesota Sex Offender Screening Tool-Revised, which purportedly do not require the defendant's cooperation. However, defendant cites no authority–and we are aware of none–holding that, in the absence of a formal assessment, the trial court must discount an expert opinion on a sex offender's risk of recidivism. Moreover, defendant cites only one case in support of his equal protection argument: *Jackson v. Indiana*, 406 U.S. 715 (1972). As the State points out, *Jackson* does not support an equal protection challenge against section 104-25(g)(2). See *People v. Barichello*, 305 Ill. App. 3d 13, 24 (1999); *People v. Polachek*, 128 Ill. App. 3d 200, 205 (1984).

¶ 18        Finally, defendant expresses concern that he could be committed to the Department under section 104-25(g)(2) until the previously set termination date and that then, prior to his release, the State could file a petition pursuant to the SVPCA. However, as the State observes, defendant is not subject to the SVPCA, because he has not been convicted of any criminal offense. *People v. Olsson*, 2011 IL App (2d) 091351, ¶ 4 ("If the evidence presented at a discharge hearing is sufficient to establish the defendant's guilt, no conviction results; instead, the defendant is found 'not not guilty.' "); see also 725 ILCS 207/5(f) (West 2012) (defining "sexually violent person" as "a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of a sexually violent offense by reason of insanity and who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence").

¶ 19                             III. CONCLUSION

¶ 20        The judgments of the circuit court of Lake County are affirmed.

¶ 21        Affirmed.