NOTICE

Decision filed 02/11/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 160289-U

NO. 5-16-0289

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Lawrence County. |
| | ) | |
| v. | ) | No. 16-MR-35 |
| | ) | |
| WILLIAM A. EVANS, | ) | Honorable |
| | ) | Robert M. Hopkins, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court.
Presiding Justice Welch and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1   *Held*: Because the defendant appeals an order for conviction that has already been served and he cannot be granted the relief he seeks, this appeal is moot.

¶ 2   The defendant, William A. Evans, appeals *pro se* the denial of his application for writ of *habeas corpus*, which was filed pursuant to section 10 of the Uniform Criminal Extradition Act (Act) (725 ILCS 225/10 (West 2014)), arguing that he was denied his constitutional right to a speedy trial, that he is not a fugitive from justice, and that he signed a waiver of extradition from Cook County, Illinois, to Indiana but had not been taken there. The State argues that the defendant did not allege grounds that permitted *habeas corpus*

1

relief and that the defendant has failed to supply an adequate record to show that the court failed to properly follow the law. The appeal is moot.

¶ 3                              BACKGROUND

¶ 4      The following is deduced from the minimal record provided by the defendant. On May 16, 2016, a "complaint for issuance of warrant for fugitive from justice" was filed in the circuit court of Lawrence County, Illinois. On May 18, 2016, the defendant, in Illinois Department of Corrections (IDOC) custody, appeared in court, waived counsel, and "object[ed] to extradition." A docket entry indicates that the State was to notify Lake County, Indiana, and "send a Governor's warrant." On June 20, 2016, the defendant filed *pro se* an application for *habeas corpus* relief in Lawrence County, Illinois. In it, he alleged that he was being denied his right to speedy trial, that he was not a fugitive from justice, and that he had signed a waiver of extradition in October 2015 in Cook County, Illinois, to have the State of Indiana retrieve him, and that it had failed to do so. Because of this, he sought to be discharged immediately. On June 29, 2016, the circuit court denied his application for *habeas corpus* relief.  The defendant filed a notice of appeal on July 5, 2016.

¶ 5      On July 13, 2016, the State of Indiana filed with the Office of the Illinois Governor a requisition demanding the apprehension and extradition of the defendant. On August 17, 2016, the Office of the Illinois Governor filed its signed governor's warrant of arrest requiring that the defendant be "produced in open court, be afforded the protection of personal liberty provided by the laws of this State and unless discharged by the court, be delivered to the custody" of Indiana. On August 24, 2016, the circuit court of Lawrence

2

County, Illinois, ordered that the defendant be transferred to "Indiana authority upon his release from Lawrence" County Correctional Center.

¶ 6     The record on appeal contains no entries after August 26, 2016. However, the IDOC website indicates that the defendant's projected discharge date was January 21, 2017.[1] According to the website for the State of Indiana which houses court information, the defendant appeared in the circuit court for Lake County, Indiana, as early as February 8, 2017, where he sought the ability to represent himself in the court. https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IlpH TTRNREF3T1RFeE1EQXhhPakkwTURRNE5URXppNVE09In19 (last visited Sept. 30, 2019).[2] Since that time, the defendant has appeared numerous times in the Indiana court and has entered a plea, receiving probation in that state.

¶ 7                                     ANALYSIS

¶ 8     First, it is always a reviewing court's duty to determine its jurisdiction independent of an objection from either party. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Ordinarily, courts lack jurisdiction to consider moot questions. *In re Donrell S.*, 395 Ill. App. 3d 599, 602-03 (2009). "An issue on appeal becomes moot where events occurring after the filing of the appeal render it impossible to grant effectual relief to the complaining party. [Citations.]" *In re Shelby R.*, 2012 IL App (4th) 110191,

---

[1]This court may take judicial notice of information appearing on the IDOC website. *People v. Peacock*, 2019 IL App (1st) 170308, ¶ 4  n.1.

[2]This court may take judicial notice of public websites. *People v. Vara*, 2016 IL App (2d) 140849, ¶ 37 n.3.

¶ 16. In this case, the defendant was released from IDOC on January 21, 2017. Further evidence that he was released to Indiana authorities between January and February 2017 appears in the Indiana court records, which indicated his presence in Lake County, Indiana, court. Because we can no longer provide the relief that the defendant seeks, as it has already occurred, the defendant's appeal is moot.

¶ 9 However, courts recognize three exceptions to the mootness doctrine: "(1) the public-interest exception, applicable where the case presents a question of public importance that will likely recur and whose answer will guide public officers in the performance of their duties, (2) the capable-of-repetition exception, applicable to cases involving events of short duration that are capable of repetition, yet evading review, and (3) the collateral-consequences exception, applicable where the order could have consequences for a party in some future proceedings. [Citations.]" *In re Daniel K.*, 2013 IL App (2d) 111251, ¶ 16.

¶ 10 Assuming, *arguendo*, that any of the exceptions to mootness applied, we would be compelled to affirm the judgment of the circuit court. Section 10 of the Act provides that a prisoner may challenge the legality of his arrest by filing an application for *habeas corpus* relief. 725 ILCS 225/10 (West 2014). The court's inquiry is limited to (1) whether the documents are in regular form, (2) whether the prisoner is the person named in the warrant, (3) whether the prisoner is a fugitive, (4) whether the prisoner has been charged with a crime in the demanding state, and (5) whether the prisoner has been denied his constitutional right for a speedy trial. *People v. Koren*, 114 Ill. App. 3d 421, 23 (1983). Here, the defendant's application for *habeas corpus* relief raised two issues cognizable by

the court: Whether he was a fugitive and whether he was denied his constitutional right to a speedy trial. Following the hearing, the circuit court denied the defendant's application by docket entry. The record on appeal does not contain a transcript of the hearing on the defendant's *habeas* application. It is the appellant's burden to provide a sufficient record on appeal. *People v. Olsson*, 2014 IL App (2d) 131217, ¶ 16. When he or she fails to do so, we must presume that the circuit court's ruling had a sufficient factual basis and conformed to the law. *Id.* Consequently, we must presume that the court in the present case properly denied the defendant's application for *habeas corpus* relief.

¶ 11    Because the appeal is moot, we need not consider any of the defendant's arguments on appeal.

¶ 12                                        CONCLUSION

¶ 13    As it is moot, the appeal is dismissed.


¶ 14    Appeal dismissed.